**Roberto GRAFFALS GONZALEZ,**
**Plaintiff,**

**v.**

**Ramon GARCIA SANTIAGO et**
**al., Defendants.**

**Civ. A. No. 75–1127.**

United States District Court,
D. Puerto Rico.

Jan. 21, 1976.

Jesus Hernandez Sanchez, Antonio Hernandez Sanchez, Rio Piedras, P. R., for plaintiff.

Miriam Naveira de Rodon, Solicitor Gen., Ruth Tentori, Asst. Solicitor Gen., Roberto Armstrong, Jr., Auxiliary Solicitor Gen., San Juan, P. R., for Commonwealth of Puerto Rico.

## OPINION AND ORDER

TORRUELLA, District Judge.

Plaintiff, Mr. Roberto Graffals González, filed the present Complaint on September 2, 1975 seeking damages and injunctive relief caused by his dismissal from his post of Warehouse-Keeper III in violation of his Civil Rights under Sections 1983 and 1985 of Title 42 U.S.C. and alleging federal jurisdiction on the basis of Title 28 U.S.C. Section 1343. Therein the Plaintiff in essence alleges that Defendants, as public officials and acting in concert under the color of the law, harassed and dismissed him from the above mentioned regular and permanent position on July 9, 1974. It is claimed that said dismissal was on account of Plaintiff's political beliefs and affiliations. On July 10, 1974 Plaintiff appealed this dismissal to the Personnel Board. On March 11, 1975 Plaintiff requested a dismissal from the Personnel Board in order to file the present Complaint before this Court.

In response to the aforementioned Complaint, Defendants filed a Motion to Dismiss on December 5, 1975 which we are now called upon to decide. The specific issue presented is whether Plaintiff's action is barred by the statute of limitations or whether the above mentioned administra-

tive proceedings tolled the prescription period.

■ When Congress fails to provide a statute of limitations for a federally created cause of action, as a general rule, the Courts should adopt the statute of limitations prescribed by the state in which the controversy originates. *Roberto Barbosa, et als v. Aida Martínez Schettini, et als,* U.S. District Court of Puerto Rico, Civil Number 75–881 (November 20, 1975); *Swan v. Board of Education of New York City,* 319 F.2d 56, 59 (CA 2, 1963).

■ Moreover, " . . . As a matter of law, when an action is brought for both damages and equitable relief, the statute of limitations, and not laches, controls both the equitable and legal part." *Mizell v. North Broward Hospital,* 427 F.2d 468, 469 (CA 5, 1970).

■ Because a statute of limitations of the present kind is not contained in either the Civil Rights Act itself nor elsewhere in the federal statutes, this Court is called upon to apply the state statute of limitations most analogous to this action. *Swan v. Board of Education of New York City,* supra, at 59; *Johnson v. Railway Express Agency,* 489 F.2d 525 (CA 6, 1975). This Court found that in cases pursuant to the Civil Rights Act the analogous and relevant statute of limitations is that which is applicable to tort actions pursuant to Title 31 LPRA Section 5298(2), which establishes a period of one year "from the time the aggrieved person had knowledge thereof." *Morales Morales v. Vega López,* U.S. District Court of Puerto Rico, Civil Number 75–252 (September 3, 1975); *Erwin v. Neal,* 494 F.2d 1351 (CA 6, 1974).

■ Furthermore, Section 5303 of Title 31 LPRA, states: "[The] prescription of actions is interrupted by their institution before the courts, by extrajudicial claims of the creditor, and by any [other] act of acknowledgement of the debt by the debtor." This Court recognized that, "there are no cases interpreting this provision regarding the issue herein presented. This section,

however, is the equivalent of Article 1972 of the Spanish Civil Code which has been interpreted by the Spanish legal writers. Manresa in 'His Comentarios al Código Civil Español," Volume 12, 1951 Edition, states at page 955, that for a prescription period of a definite action to be interrupted, it is indispensable *that said action* be the one exercised, not another one that is more or less analogous. Manresa indicates that the Civil Code so orders when it requires literally that the prescription of the actions is interrupted by their filing before the Courts', indicating clearly by the use of the possessive pronoun used by the law that the first filed, and the subsequent action must be the same one." *Barbosa et als,* supra.

What may be called the cause of action pursued before the Personnel Board is an administrative proceeding seeking reinstatement and cannot be interpreted as being the same cause of action as the Civil Rights action herein presented and arising under 42 U.S.C. Sections 1983 and 1985. *Mizell v. North Broward Hospital,* supra. Hence, the applicable statute of limitations of one year as prescribed by Section 5298(2) of Title 31 LPRA has not been tolled by the Plaintiff's seeking administrative redress before the Personnel Board.

In view of the fact that more than one year elapsed between the date of Plaintiff's dismissal and the filing of this Complaint, this case is hereby dismissed.

The Clerk of the Court is directed to enter Judgment accordingly.

IT IS SO ORDERED.