Roberto **GRAFFALS GONZALEZ,**
Plaintiff, Appellant,

v.

Ramon **GARCIA SANTIAGO et al.,**
Defendants, Appellees.

No. 76–1092.

United States Court of Appeals,
First Circuit.

Submitted Jan. 28, 1977.

Decided March 2, 1977.

688

Jesus Hernandez Sanchez, Rio Piedras, P. R., on brief for plaintiff, appellant.

Miriam Naveira De Rodon, Sol. Gen., and Mario L. Paniagua, Asst. Sol. Gen., San Juan, P. R., on brief for defendants, appellees.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

PER CURIAM.

The district court dismissed this civil rights complaint for being brought beyond the limitations period. We affirm. Appellant worked as a warehouse keeper in the Commonwealth's Department of Social Services. On July 9, 1974, he was discharged by appellee, Eliza Diaz Gonzales, who was then the Secretary of Social Services. Appellant claims that he was dismissed because he was a member of the New Progressive Party and they had lost in the elections to the Popular Democratic Party. *See Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Rivera v. Benitez*, 541 F.2d 882 (1st Cir. 1976).

The day after he was fired, appellant filed an appeal before the Commonwealth's Personnel Board. On March 11, 1975, he asked the Board to dismiss his appeal, and it did so, with prejudice, on March 20. Unfortunately for appellant, he waited almost six months before bringing this lawsuit in the federal court.

█ The district court held that the analogous state statute of limitations was that for torts (one year), 31 L.P.R.A. § 5298(2), and appellant urges that it is the one for contracts (fifteen years), 31 L.P.R.A. § 5294. Traditionally, civil rights actions have been considered to state a cause of action lying in tort, rather than contract. *Johnson v. Railroad Express Ag'cy, Inc.*, 421 U.S. 454, 456 n. 2, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The analysis underlying that conclusion is particularly appropriate in the present action. Quoting from Dean Prosser, we have held:

> " 'The duties of conduct which give rise to [tort actions] are imposed by the law, and are based primarily upon social policy . . . .' " *Lexington Ins. Co. v. Abarca Warehouses Corp.*, 476 F.2d 44, 46 (1st Cir. 1973).

The only clear-cut federal claim stated by appellant's complaint is that he was fired for political reasons. This suggests a claim founded on *Elrod v. Burns, supra. Elrod* imposes on government officers a duty grounded in social policies expressed by the First Amendment. Violations of that duty are torts, not breaches of contract. The district judge also concluded that § 5298(2) applies to this case, and we are inclined to give deference to his choice in this area of intermingled state and federal law. *See Runyon v. McCrary*, 427 U.S. 160, 180–182, 96 S.Ct. 2586, 2599–2600, 49 L.Ed.2d 415 (1976).

█ Appellant next urges that even if the appropriate limitations period was one year, the year began to run on the date the Personnel Board dismissed his appeal. "[S]tate law is our primary guide in this area". *Johnson, supra,* 421 U.S. at 465, 95 S.Ct. at 1722. The district court held that under the law in Puerto Rico the action before the Personnel Board would only toll the one-year period if it were identical to the federal action, and it was not. Appellant does not seriously quarrel with this conclusion. Of course, "considerations of state law may be displaced where their application would be inconsistent with the federal policy underlying the cause of action under consideration." *Johnson, supra,* 421 U.S. at 465, 95 S.Ct. at 1722. But no overriding federal interest impels us to toll the applicable statute of limitations in this case. To the contrary, where an injunction is sought to obtain reinstatement in public employment, it behooves the plaintiff to act promptly. Indeed, if the government were to be prejudiced by the delay, laches might preclude purely equitable relief, i. e., rein-

statement, even in cases brought within the one year period of limitations.

Appellant's last argument, that his action seeks only an injunction, is frivolous and is rebutted by prayers 3, 4, and 5 of his Complaint.

*Affirmed.*