**Matilde R. RAMIREZ de ARELLANO, Plaintiff, Appellee,**

v.

**Jose A. ALVAREZ de CHOUDENS, etc., Defendant, Appellant.**

No. 77–1274.

United States Court of Appeals, First Circuit.

Argued Feb. 9, 1978.

Decided May 10, 1978.

---

Candita R. Orlandi, Asst. Sol. Gen., San Juan, P. R., with whom Hector A. Colon Cruz, Sol. Gen., San Juan, P. R., was on brief, for defendant, appellant.

Alfonso M. Christian, San Juan, P. R., with whom Jose Ramon Perez Hernandez, San Juan, P. R., was on brief, for plaintiff, appellee.

Before CAMPBELL, BOWNES and MOORE,* Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This appeal in an action brought under 42 U.S.C. § 1983 raises the question of what statute of limitations applies in Puerto Rico to a commonwealth employee's claim to have been discharged in violation of constitutional rights. Because we believe the district court misapplied the tolling provisions of the relevant statute, we reverse its judgment in favor of plaintiff and order the suit dismissed.

Matilde R. Ramirez de Arellano filed her complaint on November 15, 1974, charging Jose A. Alvarez de Choudens, Secretary of Health for Puerto Rico, and various other officials with conspiring to alter her employment status from permanent to probationary for political reasons and in violation of due process. She also charged the officials with infringing her constitutional rights by subsequently discharging her from her post. Defendants raised the statute of limitations as an affirmative defense in their answer. After a bench trial, the district court on March 25, 1977 entered judgment for all the defendants except Alvarez de Choudens, ordered the reinstatement of Ramirez de Arellano in the Puerto Rico Civil Service, denied damages, but ordered the payment of $5,000 attorneys' fees to Ramirez de Arellano. Alvarez de Choudens appeals from the judgment for reinstatement and attorneys' fees. The judgment has been stayed pending appeal.

Plaintiff was appointed to a permanent position as an executive in the Puerto Rico Department of Health on December 1, 1972. In order to avoid the probationary period required for such appointments by Puerto Rico law, the Department obtained a ruling from the Commonwealth's Office of Personnel that plaintiff could be credited with time worked in a previous position where she had served under contract rather than as a regular civil service employee. On January 1, 1973, defendant became Secretary of Health. On February 6 he requested a ruling from the Office of Personnel as to the legality of the waiver of plaintiff's probationary period, and on April 6 was advised that the credit was improper and should be disallowed. An official in the Department wrote plaintiff on April 13, informing her of her change in status and placing her on probation until November 30. Plaintiff filed an appeal of that decision with the Commonwealth's Personnel Board on May 4. The Board on the basis of written submissions but without holding a face-to-face hearing upheld the change in plaintiff's status in a decision issued June 27. No direct judicial review of the Board's action was available. P.R.Laws Ann. tit. 3, § 646(a)(6).

Apparently in anticipation of adverse action, plaintiff on September 6, 1973, filed suit in the superior court seeking a writ of mandamus compelling the department not to dismiss her. On November 16 she was informed her services were unsatisfactory and she would not be hired permanently. She appealed that decision to the Personnel Board on November 26. The Personnel Board dismissed the appeal on February 12, 1974, and plaintiff obtained a voluntary dismissal of her suit in the superior court on May 21. The complaint in the present suit was filed in federal district court on November 15, 1974.

The district court ruled that plaintiff had not made out a claim of political harassment and dismissed her suit against all the defendants except Alvarez de Choudens. It held that her dismissal by itself was proper, inasmuch as a probationary employee had no constitutionally cognizable property interest in his employment; accordingly her only claim for relief rested on the change in her tenure status on April 13, 1973. Although the federal suit was brought more than a year after this event, the court ruled that her mandamus suit in the superior court had tolled the statute of limitations. On the merits, the court ruled that the Commonwealth's failure to accord plaintiff a hearing before the change in her status

---

* Of the Second Circuit, sitting by designation.

violated the fourteenth amendment. The court ordered plaintiff's reinstatement in the Department of Health but refused to award damages in view of what it found to be defendant's good faith throughout the dispute. It taxed the Commonwealth with $5,000 in attorneys' fees, however, because of what it found to be the "obdurate obstinacy" with which Álvarez de Choudens had defended the suit.

In *Graffals v. Garcia*, 550 F.2d 687 (1st Cir. 1977), this court affirmed the determination of the United States District Court for Puerto Rico, 415 F.Supp. 19 (1976), that the analogous state statute of limitations for § 1983 suits grounded on a claim of unconstitutional discharge was that found in P.R.Laws Ann. tit. 31, § 5298(2), governing tort actions. This court further held that the one year period provided by § 5298(2) would not be tolled by an administrative appeal of the dismissal, inasmuch as P.R.Laws Ann. tit. 31, § 5303, the analogous state tolling statute, required an intervening suit to be the same as the suit later filed in order for the earlier suit to have a tolling effect.

On the first of the two above questions— the duration of the applicable limitations period—the district judge who acted in the present case agreed with his colleague in *Graffals* (whom we, in turn, had affirmed) that one year was the proper limit.[1] However, plaintiff-appellee, in urging us to support the judgment in her favor, argues that under Puerto Rican law a three-year statute of limitations is appropriate. If so, there would be no need to confront the troublesome tolling issue, *infra*. Since it is important to settle the matter and since the possibility of a three-year statute was not raised in *Graffals, see* 550 F.2d at 688, we shall explore plaintiff's claim notwithstanding the stare decisis effect of *Graffals*.

Federal courts ordinarily look to the period of limitations applicable to the most closely analogous state cause of action to determine when a § 1983 suit is time barred. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). In *Graffals* we held that as § 1983 suits sound in tort, P.R.Laws Ann. tit. 31, § 5298(2), the general one-year statute of limitations for tort actions under the law of the Commonwealth, would apply. Plaintiff bases her argument for a three-year statute upon the fact that Puerto Rico has its own statute for political discharge of an employee, *i. e.* P.R.Laws Ann. tit. 29, § 136, which plaintiff contends is the most analogous cause of action to the one she has brought. Plaintiff further argues that the limitations period for this cause of action is three years. But even assuming that plaintiff's action were for a "political" firing, it does not appear that she is correct in claiming that a three-year limitations period applies. Section 136 sets forth no specific limitations period, and plaintiff concedes that one must be found in the general provisions of the Commonwealth's code. The apparent source of the three-year period claimed by plaintiff is P.R.Laws Ann. tit. 31, § 5297(3), which governs "the payment of mechanics, servants, and laborers the amounts due for their services, and for the supplies or disbursements they may have incurred with regard to the same."[2] A literal reading of this provision would suggest that it is meant to cover claims based on contract or quasi-contract, not those grounded on tortious dismissals. Case law buttresses this interpretation. In *Cortes v. Valdes*, 43 P.R.R. 184 (1932), the Supreme Court of Puerto Rico held that the predecessor of § 5298(2), governing suits sounding in the civil law equivalent of tort, applied to an action for damages caused by an illegal dismissal. This result confirms the analysis in *Graffals v. Garcia, supra*, that § 1983 actions based on a violation by a governmental employer of the duty not to dis-

---

1. Both judges are permanent members of the district court of Puerto Rico and, of course, members of the bar of Puerto Rico.

2. The other three-year statute of limitations cited to us, P.R.Laws Ann. tit. 29, § 246d, applies only to causes of action under Puerto Rico's minimum wage law.

charge an employee unconstitutionally sound in tort, not contract, *id.* at 688, and that the one year statute provided by § 5298(2) should apply. The district court was therefore correct when it made a like assumption in this case.

We face a more difficult question when it comes to the tolling issue. Here the district judge who decided the instant case is at odds with his colleague who ruled in *Graffals.* The tolling of the one year period provided by § 5298(2) is governed by P.R. Laws Ann. tit. 31, § 5303, which states:

> "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor."

In interpreting the phrase "their institution before the courts," the district judge in *Graffals v. Garcia, supra,* ruled *"that said action* be the one exercised, not another one that is more or less analogous." 415 F.Supp. at 20 (italics in original). This court, in approving that holding, noted that the opposing party did not "seriously quarrel with this conclusion." 550 F.2d at 688.

But the district judge here, although aware of our decision in *Graffals,* was persuaded to interpret § 5303 differently. Believing that the combined common and civil law system of Puerto Rico requires a more flexible approach than that of the Spanish Civil Code, the judge held that the institution of *any* action between the same parties that constituted a diligent pursuit of the right claimed in the later action would come within § 5303 and would therefore toll the statute of limitations. The court held, in particular, that an action of mandamus in the Commonwealth court to gain reinstatement constituted a diligent pursuit of the constitutional right sought in plaintiff's § 1983 suit and accordingly tolled the statute of limitations.

■ Although as an ordinary matter the interpretation of local law pertaining to a statute of limitations by the district court sitting in that jurisdiction is entitled to great deference from a reviewing court, *see Runyon v. McCrary,* 427 U.S. 160, 181–82, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Graffals v. Garcia, supra,* 550 F.2d at 688, the existence of a sharp conflict among the judges of that district undercuts this deference and compels an independent assessment of the question by a court of appeals. In this case, the language of the statute tends to support the position taken in *Graffals:* by referring to *"their* institution", the statute appears to state that it is the commencement of the action at bar, and not some other action, which tolls the period of limitation. Conceding the absence of any Commonwealth judicial authority on the matter one way or the other, the district judge in *Graffals* found direct support for his interpretation in an authoritative commentary on the identical provision in the Spanish Civil Code. *See* 12 Manresa, Comentarios al Codigo Civil Espanol 955 (1951 ed.). The district judge in the case at bar grounded a contrary interpretation on his view of the structure of the judicial system of Puerto Rico, which commingles elements of common and civil law. He also cited certain different commentators on the Spanish Civil Code as supporting, indirectly, a more liberal interpretation of the tolling provision.

■ To the extent the district court grounded its ruling on its sense of developments in the common rather than civil law, it is important to note that in the American common law generally, prior judicial actions do not toll the statute of limitations, no matter how close their relationship to the one at bar. *See, e. g., UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 708, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *Falsetti v. Local No. 2026, UMW,* 355 F.2d 658, 662 & n. 15 (3d Cir. 1966).[3] Federal courts have

---

**3.** An exception to this rule exists for prior actions that bar the bringing of a subsequent suit during their pendency. *See* 54 C.J.S. *Limitations of Actions* § 247. The filing of plaintiff's mandamus suit, however, could not have acted as a bar to a simultaneous proceeding in federal court. *See General Atomic Co. v. Felter,* 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (U.S. Oct. 31, 1977); *Donovan v. City of Dallas,* 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964).

applied to § 1983 suits in particular a rule that prior actions in the state courts do not toll the applicable state statute of limitations. *Williams v. Walsh*, 558 F.2d 667 (2d Cir. 1977); *Meyer v. Frank*, 550 F.2d 726 (2d Cir.), *cert. denied*, 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977); *Ammlung v. City of Chester*, 494 F.2d 811 (3d Cir. 1974).[4]

■ In sum, the rule advanced by the court below not only lacks any direct support in Commonwealth precedent and conflicts with an earlier district court interpretation, but is contrary to settled principles prevalent elsewhere in the United States. Moreover, the more specific Spanish civil law interpretation is also to the contrary. In light of these factors, we are unwilling to depart from the interpretation of § 5303 announced in *Graffals, viz.*, that to toll the statute, the action must be the case at bar, and not merely a somewhat related action arising from the same facts. Because the mandamus action brought by plaintiff in the Commonwealth courts did not toll the one year statute of limitations, her claim was time barred and should have been dismissed.

■ Although our determination of the statute of limitations issue is dispositive of this suit, several rulings of the district court on the merits of plaintiff's due process claim require comment. The district court grounded its decision that plaintiff had not received her procedural rights on an assumption that notice and a hearing were

constitutional prerequisites before any adverse personnel action could be taken against her. Supreme Court precedent and decisions of this court, however, suggest rather strongly that in employee discharge cases, a hearing held *after* the removal of the employee satisfies the due process clause. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Soldevila v. Secretary of Agriculture*, 512 F.2d 427 (1st Cir. 1975); *cf. Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Where the only immediate loss is of the tenured nature of the employment, rather than of the job itself, the need for a prior hearing is even less pressing, as the employee suffers no immediate loss in compensation or benefits. Looking at the proceedings in which plaintiff participated after her loss of tenure, the requirements of due process seemingly were satisfied. The letter she received on April 13 gave her adequate notice of her loss of tenure and the grounds for that action,[5] and the subsequent Personnel Board proceeding provided an impartial tribunal that fairly considered the circumstances of the dispute and interpreted the applicable statutes and regulations according to its own informed judgment. Although the Board's decision was inconsistent with the position taken earlier by the Office of Personnel, the Board grounded its decision on a differing interpretation of the applicable statute that rested on a fair reading of the language of that provision. In sum, nothing in the record

---

**4.** One federal court, although conceding that state law did not provide a rule allowing related actions to toll a § 1983 suit, has suggested that federal policies underlying § 1983 might require the fashioning of a federal tolling rule to that effect. *See Mizell v. North Broward Hospital Dist.*, 427 F.2d 468 (5th Cir. 1970). Subsequent decisions of that circuit have refused to follow *Mizell's* dicta, *see Blair v. Page Aircraft Maintenance, Inc.*, 467 F.2d 815 (5th Cir. 1972), and the reasoning underlying those remarks was rejected by the Supreme Court in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Every court of appeals that has since considered the issue has refused to follow *Mizell*, *Meyer v. Frank, supra* at 729; *Ammlung v. City of Chester, supra* at 816.

**5.** The district court ruled that the letter gave plaintiff inadequate notice to permit her to take advantage of the Personnel Board proceeding. It is difficult to understand the basis for this ruling, unless the district court believed that something equivalent to a fully reasoned judicial opinion as to plaintiff's rights and responsibilities was necessary to meet the notice requirement. The letter indicated that plaintiff had lost her tenure because her service under contract had been improperly credited toward the mandatory probation period. She was put on notice that in order to regain her status, she had to demonstrate either that her position did not require a probationary period or that her prior work under contract should have been credited toward this period. Nothing more was required.

indicates that plaintiff's due process rights were violated, and the district court's holding to the contrary rested on a misunderstanding of the applicable standards.

*The decision of the district court is reversed.*