Ignacio Gual MORALES, Petitioner,

v.

Pedro Hernandez VEGA, Director, Puerto Rico Aqueduct and Sewer Authority, et al., Defendants.

Civ. Nos. 76–104, 76–134.

United States District Court, D. Puerto Rico.

Dec. 12, 1978.

John L. Passalacqua, Isla Verde, P. R., Jesús Hernández Sánchez, Antonio Hernández Sánchez, Rio Piedras, P. R., for petitioner.

Carlos E. Polo, Ramón A. Cancio, Rafael A. Geigel, Chapman, Duff & Paul, Hato Rey, P. R., for defendants.

## DECISION AND ORDER

TORRUELLA, District Judge.

On August 14, 1978 the Court directed the parties to submit briefs on the issues specified by the Court of Appeals in this case. 579 F.2d 677, 682 (C.A.1, 1978). The required memoranda having been filed, we shall now entertain those issues.

The outstanding questions pertain to the five supervisory Defendants brought to this action who are accused primarily of obtaining Plaintiff's dismissal from his position in the Puerto Rico Aqueduct and Sewer Authority (PRASA).[1]

Plaintiff was discharged from his job on June 14, 1974. Thirteen days later, he filed a complaint with the Grievance Committee, as specified in the collective bargaining agreement between PRASA and the Union to which Plaintiff belonged. The grievance proceedings extended into the following year until, on July 8, 1975 the Committee voted to sustain Plaintiff's discharge. Plaintiff filed the complaint in Civil Number 76–104 on January 30, 1976, more than eighteen months after the date of his dismissal.[2] He alleged that Defendants conspired to obtain his discharge and to rig the arbitration process by reason of Plaintiff's union activities.

Pending before us is a Motion by Plaintiff for leave to file an amended complaint. At this stage of the proceedings we are reluctant to permit what should have been done at the outset. However, after perusing the amended pleading, it is our opinion that the interests of justice and procedural convenience require that the amendment be, and the same is hereby granted. See *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749 (C.A.10, 1975).

■ At threshold, we note that Plaintiff has failed to allege that any of the five supervisory Defendants committed an overt act constituting a civil rights violation within the limitation period. *Momand v. Universal Film Exchanges*, 172 F.2d 37, 49 (C.A.1, 1949), cert. den. 336 U.S. 967, 69 S.Ct. 939, 93 L.Ed. 1118. That places the claims against these Defendants outside of the ambit of the one-year period established in 31 L.P.R.A. 5298(2),[3] unless we find that the statute of limitations was tolled. *Kadar Corp. v. Milbury*, 549 F.2d 230, 234–35 (C.A.1, 1977).

Article 1873 of the Civil Code of Puerto Rico, 31 L.P.R.A. 5303 provides:

"Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor."

Relying on the quoted provision, Plaintiff contends that his filing of a complaint with the Grievance Committee requesting back pay constitutes an "extra-judicial claim" sufficient to toll the statute of limitations as to the Defendants charged with procuring his dismissal on June 14, 1974. It is Plaintiff's argument that a new one-year term began to run on July 8, 1975, when the Grievance Committee affirmed Plaintiff's discharge. Hence, the proposition is advanced that the claims against the five supervisory Defendants have been brought well within the prescribed term.

---

1. The other three Defendants are members of the five person PRASA Grievance Committee. At the present posture of this case, any questions concerning the timeliness of this action as to these Defendants have been laid to rest. 579 F.2d at 680–681.

2. The complaint in Civ. 76–134 was filed on February 6, 1976.

3. The limitation period set forth in the cited provision of the Civil Code of Puerto Rico controls the case at bar. *Graffals González v. García Santiago*, 415 F.Supp. 19 (D.C.P.R. 1976), aff'd 550 F.2d 687 (C.A.1, 1977).

In *Graffals González v. García Santiago,* supra, the Plaintiff contended that the one year period began to run on the date the Commonwealth's Personnel Board dismissed his appeal seeking reinstatement. This Court rejected said argument after construing the first tolling instance contained in Section 5303 of Title 31 L.P.R.A. We stated that "for a prescription period of a definite action to be interrupted, it is indispensable *that said action* be the one exercised, not another one that is more or less analogous." 415 F.Supp. at 20. We decided that the action pursued by the dismissed employee before the Personnel Board was an administrative proceeding seeking reinstatement and could not be interpreted as being the same cause of action as a Civil Rights suit under 42 U.S.C. 1983 and 1985. Hence, it was concluded that the applicable statute of limitations of one year was not tolled by the Plaintiff's seeking administrative redress.[4]

At first glance, it would seem that the principles laid down in *Graffals* are controlling here. The fact that the grievance procedures pursued here were contractually mandated does not furnish determinative grounds for distinction, inasmuch as those procedures did not bar the bringing of a Civil Rights suit during their pendency. See, *Ramíez de Arellano v. Alvarez de Choudens,* 575 F.2d 315, n. 3 (C.A.1, 1978). However, in an attempt to obviate the hurdles imposed by existing case law, the Plaintiff here contends that the action before the Grievance Committee, unlike the actions involved in *Graffals* and *Ramírez de Arellano,* supra, is an *extrajudicial* proceeding that has the effect of tolling the one-year term, without it being necessary that the actions be identical.

At least one Spanish commentator is of the opinion that arbitration should be analogized to the exercise of a judicial action, and not to an extrajudicial claim. See, Diez Picazo, *La Prescripción en el Código Civil,* p. 110. Indeed, the local jurisprudence construing the extrajudicial claim provision tends to indicate that only those claims which are not brought before "jurisdictional organs", *Ibid.,* can be categorized as "extrajudicial", for tolling purposes.[5] This is in consonance with the decision in *Graffals,* supra. Be that as it may, we will accept Plaintiff's insistence upon the applicability to this case of the second instance of 31 L.P.R.A. 5303, since under the circumstances, the ultimate result will not vary.

The Spanish legal system recognizes that periods of limitations may be interrupted by any act which indicates the Plaintiff's intention to pursue his claims and this is made known to the passive subject or the person who must answer. See, XII Manresa, *Comentarios al Código Civil Español,* 953 *et seq.* (1951 Ed.), 2 Albaladejo, *Derecho Civil,* 465 *et seq.* (3d Ed. 1975). Hence, it is only possible to interrupt the prescription of the exact right that was extrajudicially claimed. *Ibid.* Perforce, in order to have tolling effect the extrajudicial claims must be expressly and precisely made to the debtor against whom suit is instituted. *Jiménez v. Corte* supra; *Rosario Crespo v. W.R.A.,* 94 P.R.R. 799, 807–808 (1967).

The grievance instituted by Plaintiff herein was filed against P.R.A.S.A. and not against the Defendants. Although the remedies sought in Plaintiff's complaint before the Grievance Committee were resemblant in scope to those requested in this action, it was *the Authority,* and not the Defendants, who was called upon to make Plaintiff whole. Therefore, under the law of Puerto Rico, we are compelled to conclude that Plaintiff's complaint before the

---

4. A similar result was reached, albeit *sub silentio,* in *Hernández Jiménez v. Calero Toledo,* 576 F.2d 402 (C.A.1, 1978), where the claims arising from Plaintiff's dismissal were held time-barred, even though Plaintiff had appealed his dismissal to the Investigation, Processing and Appeals Commission of the Police Department.

5. See, e. g. *Bithorn v. Santana,* 68 P.R.R. 281 (1948); *Suárez v. Pereira,* 66 P.R.R. 203 (1946); *Jiménez v. Corte,* 65 P.R.R. 35 (1945); *Ortiz v. McCormick Steamship Co.,* 57 P.R.R. 551 (1940); *Montalvo v. Franceschi,* 48 P.R.R. 301 (1935); Cf. *Hernández Del Valle v. Santa Aponte,* 575 F.2d 321 (C.A.1, 1978).

Grievance Committee, even if considered as an "extrajudicial claim", would not fall within the purview of 31 L.P.R.A. 5303, inasmuch as the instant suit is lodged against Defendants in their personal capacities, while the administrative claim was directed against official action rather than against individual persons.

This result is entirely consistent with the federal principles expounded in similar situations. It is questionable whether a federal cause of action based upon allegations of civil rights violations would be interrupted during the pendency of contractual, non-federal proceedings. See, *Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). The federal remedy for the vindication of civil rights deprivations is supplemental to any state remedies, and exhaustion of state administrative remedies is not a prerequisite to the exercise of federal jurisdiction under 42 U.S.C. 1983. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *McNeese v. Board of Education*, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963). The Plaintiff herein was free to file federal suit against those Defendants who assertedly procured his discharge, at any time within one year after June 14, 1974. Hence, we are convinced that, as regards his claims against said Defendants, Plaintiff has slept on his § 1983 and § 1985 rights. Cf. *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975);[6] *Bryant v. Potts*, 528 F.2d 621 (C.A.5, 1976); *Dupree v. Hutchins Brothers*, 521 F.2d 236 (C.A.5, 1975); *Hayes v. Secretary of Department of Public Safety*, 455 F.2d 798, 800 (C.A.4, 1972); *Blair v. Page Aircraft Maintenance*, 467 F.2d 815, 821 (C.A.5, 1972) (Tuttle, J., dissenting); *Jolivet v. Elkins*,

386 F.Supp. 261 (D.Md., 1974); see also, *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

More than one year elapsed between the date of Plaintiff's discharge and the commencement of this action. Wherefore, and there being no just reason for delay, Plaintiff's claims against Defendants Pedro Hernández Vega, Ismael Pagán Colberg, Neftalí Rosa Rodríguez, Miguel Pérez Ríos and Benedicto Gil must be and are hereby DISMISSED on the aforementioned grounds.

The Clerk of the Court is instructed to enter Judgment in accordance with this opinion.

IT IS SO ORDERED.

---

6. In *Johnson*, supra, the Supreme Court decided that the timely filing of a charge with the Equal Employment Opportunity Commission pursuant to Title VII of the Civil Rights Act of 1964 does not toll the running of the limitation period applicable to an action, based on the same facts, brought under 42 U.S.C. § 1981. In so holding, the Court emphasized the independence of the avenues of relief respectively available under Title VII and § 1981. The Court also noted that the filing of a Title VII charge and resort to Title VII's administrative machin-

ery are not prerequisites for the institution of a § 1981 action. Although the same considerations are fully operative in the case at bar, *McNeese v. Board of Education*, supra, our interpretation of local law renders it unnecessary to examine in detail whether a contrary result would offend underlying principles of federal policy. *Johnson*, supra. Suffice it to say that those federal principles are in no way undermined by our present holding. See, *Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978).