Luis D. Cintrón et al., demandantes y recurridos, *v.* Estado Libre Asociado de Puerto Rico et al., demandados y peticionarios.

*Número:* CE-88-761          *Resuelto:* 7 de diciembre de 1990

---

584

*Rafael Ortiz Carrión, Procurador General,* y *Nilda P. Fuentes Ortiz, Procuradora General Auxiliar,* abogados de los peticionarios; *Miguel A. Giménez Muñoz,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

La cuestión a resolverse en este recurso es si está prescrita la acción en daños y perjuicios instada por el recurrido, al amparo del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, contra los peticionarios por alegado traslado discriminatorio. A la luz de la cronología de eventos y de los principios legales aplicables, resolvemos en la afirmativa.

I

El Sr. Luis D. Cintrón (el recurrido) ocupaba el puesto de Director Vocacional II con carácter permanente en el servicio regular de carrera del Departamento de Instrucción Pública. Se desempeñaba en el Distrito Escolar de Carolina I.

En mayo de 1983 solicitó su traslado al Distrito Escolar de Humacao por ser el lugar donde tenía su residencia.

Allá para el 14 de noviembre de 1983 la entonces Secretaria de Instrucción Pública, Dra. María S. Lacot, autorizó el traslado del recurrido al Distrito Escolar de Humacao, donde se desempeñaría como Director de la Escuela Vocacional Avelino Peña Reyes. El recurrido continuó laborando en ese puesto hasta finalizar el año escolar 1985–1986.

*El 7 de julio de 1986* la entonces Secretaria de Instrucción Pública, Awilda Aponte Roque, le notificó al recurrido que "efectivo inmediatamente y por necesidades del servicio" lo estaba "reinstalando" nuevamente a su antiguo puesto "de Director Vocacional II en el Distrito Escolar de Carolina I". Apéndice II, pág. 1.

Ante esa actuación, el 7 de agosto de 1986 el recurrido acudió a la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.) mediante escrito de apelación donde cuestionaba el traslado. Adujo en su escrito que su traslado a Carolina era oneroso, ilegal, caprichoso y violaba la Ley de Personal del Servicio Público de Puerto Rico (Ley de Personal) y su reglamento de personal, y el Reglamento de Personal Docente del Departamento de Instrucción Pública. Como remedio, solicitó a J.A.S.A.P. su reposición en el puesto del Distrito Escolar de Humacao. *No reclamó daños y perjuicios por la acción administrativa.*

Luego de celebrada la correspondiente vista pública y de haber rendido el informe el Oficial Examinador, J.A.S.A.P. emitió su resolución mediante la cual declaró con lugar la apelación del recurrido el *1 de mayo de 1987*. Revocó así el traslado en cuestión y ordenó al Departamento de Instrucción Pública reasignar al recurrido al puesto de Director de la Escuela Vocacional Avelino Peña Reyes de Humacao. Esta resolución fue notificada el 8 de mayo de 1987.[1] Concluyó J.A.S.A.P. que la acción tomada por el

---

[1] El Departamento de Instrucción Pública solicitó la reconsideración de dicha resolución. La reconsideración fue declarada sin lugar el 20 de mayo de 1987 y fue

Departamento de Instrucción Pública constituyó un traslado por razones ajenas al principio de mérito y no una reinstalación.

El 21 de julio de 1987 la Secretaria del Departamento de Instrucción Pública, señora Aponte Roque, envió una carta al recurrido en la que señalaba lo siguiente:

> Conforme a la resolución emitida por la Junta de Apelaciones del Sistema de Administración de Personal en el caso 7–86–8–88, lo estamos *asignando* a prestar servicios como Director de la Escuela Avelino Peña Reyes de Humacao, *efectivo inmediatamente* . . . . (Énfasis suplido.) Apéndice II, pág. 5.

El *3 de mayo de 1988* el recurrido presentó la acción en daños y perjuicios objeto de controversia. En dicha acción alegó que su traslado obedeció a motivaciones discriminatorias por razones de diferencias políticas con los peticionarios. Fundamentó sus reclamos en las disposiciones del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, y en la Sec. 2 del Art. II de nuestra Constitución, L.P.R.A., Tomo 1.

El 21 de julio de 1988 los peticionarios presentaron al foro de instancia una moción en la que solicitaron desestimación o sentencia sumaria. Alegaron que la causa de acción del recurrido estaba prescrita al ser traída al foro judicial luego de transcurrido un (1) año y diez (10) meses desde que al recurrido se le notificó el traslado.

El recurrido se opuso a las pretensiones de los peticionarios. Arguyó que la actuación de la Secretaria del Departamento de Instrucción Pública de reinstalar al recurrido en su antiguo puesto en Humacao operaba como un reconocimiento o aceptación de deuda que interrumpió el término prescriptivo.

El 10 de agosto de 1988 el foro de instancia declaró sin lugar la solicitud de desestimación y sentencia sumaria. Solicitada la reconsideración por los peticionarios, el foro de instancia se reafirmó en su posición y declaró sin lugar la reconsideración.

---

notificada el 28 de mayo de 1987. De dicha denegatoria el Departamento no solicitó revisión judicial.

De esta determinación acuden los peticionarios ante nos y señalan como único error del foro de instancia el

> . . . determinar que la acción por daños y perjuicios objeto del presente caso no está prescrita. Petición de *certiorari*, pág. 5.

Ello justificó nuestra intervención mediante trámite de mostración de causa y paralización de los procedimientos a nivel de instancia. Las partes han comparecido. Resolvemos según lo intimado.

## II

Reiteradamente hemos sostenido que el propósito medular de todo término prescriptivo es garantizar la estabilidad económica y social de las relaciones bilaterales al estimular el rápido reclamo del cumplimiento de las obligaciones contractuales o legales y procurar así la tranquilidad del obligado contra la eterna pendencia de una acción civil en su contra. *Silva Wiscowich v. Weber Dental Mfg. Co.*, 119 D.P.R. 550 (1987); *Colón Prieto v. Géigel*, 115 D.P.R. 232 (1984); *Eisele v. Orcasitas*, 85 D.P.R. 89 (1962). Esta figura se funda en el imperativo de castigar la inercia en el ejercicio de los derechos y asegurar "el señorío de las cosas" al evitarse litigios difíciles de adjudicar por la antigüedad de las reclamaciones. *De Jesús v. Chardón*, 116 D.P.R. 238, 243 (1985); Véanse, además: *Durán Cepeda v. Morales Lebrón*, 112 D.P.R. 623 (1982); *Ortiz v. Municipio de Orocovis*, 113 D.P.R. 484 (1982). Como señala la Sentencia de 17 de diciembre de 1927 del Tribunal Supremo español, citada con aprobación en *Silva Wiscowich v. Weber Dental Mfg. Co.*, supra, págs. 560–561:

> ". . . la prescripción extintiva de las acciones tiene por principal fundamento la sanción o castigo al negligente en ejercitarlas, lo cual exige *que esté evidenciado el propósito del abandono, que presupone la renuncia del derecho* . . . ." (Énfasis suplido.)

Inherente a ese propósito de la prescripción se encuentra la protección del interés del deudor de no verse expuesto a

reclamaciones tan remotas que lo coloquen en un estado de indefensión debido a la pérdida de memoria, de prueba, etc. De ahí que sea necesario que el acreedor del derecho informe o manifieste su voluntad de reclamar los perjuicios que le ha causado la actuación u omisión del deudor dentro del término de ley para que se entienda interrumpido dicho término prescriptivo de la acción en daños.(2) Después de todo, el silencio crea una objetiva y razonable confianza en dicho deudor de que el derecho no será ejercitado. L. Díez-Picazo, *La prescripción en el Código Civil,* Barcelona, Ed. Bosch, 1964, pág. 56; J. Puig Brutau, *Caducidad y Prespcripción Extintiva,* Barcelona, Ed. Bosch, 1986, pág. 14.

El efecto práctico del transcurso del término prescriptivo es claro. Una vez "[c]umplida la prescripción que quita al derecho del acreedor su fuerza coactiva, por despojarlo de la acción, se ha satisfecho el interés público, y es al particular interesado a quien le corresponde su liberación para satisfacer sus conveniencias individuales". M.J. Argañarás, *La prescripción extintiva,* Buenos Aires, Tipográfica Editora Argentina, 1966, pág. 17. Extinguida la acción destinada a hacer valer el derecho, resta tan sólo entre las partes una obligación natural o moral irreclamable por la vía judicial. Argañarás, *op. cit.,* pág. 137.

De igual forma, el efecto de la interrupción eficaz del término es el comienzo del cómputo del mismo, por entero, desde el acto interruptor. Puig Brutau, *op. cit.,* pág. 117; *Díaz de Diana v. A.J.A.S., Ins. Co.,* 110 D.P.R. 471 (1980).

Nuestro Código Civil establece que el término prescriptivo de las acciones puede interrumpirse de tres (3) formas distintas: (1) por su ejercicio ante los tribunales; (2) por reclamación extrajudicial del acreedor, o (3) por cualquier acto de

---

(2) Esta regla general tiene sus excepciones. Así, los menores o incapacitados no tienen que reclamar o manifestar su intención de reclamar su derecho mientras dure su minoridad o incapacidad en vista de la suspensión del término prescriptivo durante dicho período. *Rodríguez Avilés v. Rodríguez Beruff,* 117 D.P.R. 616 (1986); *De Jesús v. Chardón,* 116 D.P.R. 238 (1985). De igual manera, la prescripción no puede esgrimirse contra el acreedor del derecho cuando su inacción está impregnada de acciones dolosas y de mala fe. *Velilla v. Pueblo Supermarkets, Inc.,* 111 D.P.R. 585 (1981). *Cf Reyes v. Sucn. Sánchez Soto,* 98 D.P.R. 305 (1970).

reconocimiento de deuda por el deudor. Art. 1873 del Código Civil, 31 L.P.R.A. sec. 5303. En *Feliciano v. A.A.A.*, 93 D.P.R. 655, 660 (1966), expresamos que:

. . . el fundamento reconocido de la interrupción es la manifestación inequívoca de qui[e]n, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo.

## III

◾ La acción instada en el caso de autos está gobernada por el Art. 1802 del Código Civil, *supra*. Ello es así ya que la reclamación del recurrido es una acción personal contra la acción ilegal del Estado al trasladarlo de su puesto. *Cf. Olmo v. Young & Rubicam of P.R., Inc.*, 110 D.P.R. 740 (1981).

◾ Siendo así, el término prescriptivo de la acción es el de un (1) año dispuesto por el Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298.(3) Ese es el término que hemos aplicado a las acciones por daños que surgen o se derivan de la *destitución* de un empleado público de su cargo (*Delgado Rodríguez v. Nazario de Ferrer*, 121 D.P.R. 347 (1988)) y a las acciones en reclamo de daños y perjuicios surgidas bajo nuestra Ley de Derechos Civiles, 1 L.P.R.A. sec. 13, para las que no se especifica término prescriptivo. *Olmo v. Young & Rubicam of P.R., Inc.*, supra, pág. 746. Iguales razones apoyan la aplicación de este término a la acción de autos en reclamo de daños y perjuicios por un *traslado* ilegal y discriminatorio de un empleado público. En situaciones análogas los tribunales federales han utilizado el término prescriptivo estatuido en el Art. 1868 del Código Civil, *supra*, en acciones surgidas bajo la Ley de Derechos Civiles federal, 42 U.S.C. sec. 1983. *Chardón v. Fernández*, 454 U.S. 6 (1981), caso de despido de empleados públicos; *Ramírez de Arellano v. Alvarez*

---

(3) El Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298, dispone, en lo pertinente: "Prescriben por el transcurso de un año:

"(2) La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en la sec. 5141 de este título desde que lo supo el agraviado."

. *de Choudens*, 575 F.2d 315 (1er Cir. 1978), caso de cambio de *status* de una empleada pública; *Hernández del Valle v. Santa Aponte*, 575 F.2d 321 (1er Cir. 1978), despido de empleado público; *Graffals González v. García Santiago*, 550 F.2d 687 (1er Cir. 1977), despido de empleado público.

De lo anterior se desprende que la acción para exigir de la autoridad nominadora la responsabilidad civil extracontractual que pueda surgir por un traslado ilegal y discriminatorio de un empleado público es una que, a la luz del Art. 1868 del Código Civil, *supra*, posee una vida limitada y se extingue una vez transcurrido el plazo estatuido sin que se interrumpa eficazmente. Art. 1873 del Código Civil, *supra*. Por ello, debemos conocer el punto de partida o momento inicial del cómputo, porque conocido ese punto se sabe con certeza cuál será su momento final. Puig Brutau, *op. cit.*, pág. 7.

El Art. 1868 del Código Civil, *supra*, nos brinda la respuesta. El término comienza a computarse "*desde que lo supo el agraviado*".

Recientemente nos enfrentamos a una situación similar a la de autos en *Delgado Rodríguez v. Nazario de Ferrer*, supra, pág. 361, y resolvimos que

. . . no es el instante de la producción del daño lo que determina el comienzo del término prescriptivo, sino el momento en que el perjudicado lo conoce.

En esa misma opinión establecimos, además, que en casos de *cesantías* de empleados públicos el término prescriptivo de la acción tiene su punto de partida *cuando el empleado es informado de la cesantía y no cuando J.A.S.A.P. resuelve su apelación y ordena su reinstalación, al determinar que la actuación de la autoridad nominadora fue ilegal o discriminatoria.*[4] La *ratio decidendi* en *Delgado Rodríguez v. Nazario de Ferrer*, supra, no se limita a las acciones de destitución

---

[4] Igual norma impera en la jurisdicción federal. Véase el esc. 8 en *Delgado Rodríguez v. Nazario de Ferrer*, 121 D.P.R. 347, 361 (1988), y casos allí citados.

o cesantía de empleados públicos. Su norma es más abarcadora. Aplica cuando un empleado público es objeto de una acción discriminatoria, arbitraria o ilegal, bien sea despido, traslado, reclasificación, cambio de *status*, etc. En tales casos, *el término prescriptivo comienza a correr con la notificación al empleado de la actuación administrativa de la autoridad nominadora y no con el decreto de ilegalidad del foro administrativo*. Es desde aquel momento que el empleado tiene o debe tener conocimiento de los daños causados por la actuación de la agencia. *Cf. Cortés v. Valdés*, 43 D.P.R. 192 (1932).

El caso de autos está cubierto por la norma establecida en *Delgado Rodríguez v. Nazario de Ferrer*, supra, sobre el inicio de la causa de acción.

## IV

■ Como dejamos sentado, el término prescriptivo de la acción en daños puede quedar interrumpido por el reclamo extrajudicial del derecho. En *Díaz de Diana v. A.J.A.S., Ins. Co.*, supra, pág. 476, citando a Díez-Picazo, nos expresamos así sobre lo que constituye una reclamación extrajudicial:

> "Nuestro Código Civil no ha dado a la palabra 'reclamación' ningún significado preciso, ni técnico. Pero ello no nos exime de tratar de encontrarlo. Reclamación vale, en principio, tanto como exigencia o intimación. Es decir: se trata de un acto por el cual el titular de un derecho subjetivo o de una facultad se dirige al sujeto pasivo de dicho derecho o de dicha facultad requiriéndole para que adopte el comportamiento debido. La reclamación es pues una pretensión en sentido técnico." (Énfasis en el original.) Véanse, además: Q.M. Scaevola, *Código Civil*, Madrid, Ed. Reus, 1965, T. XXXIII, Vol. II, págs. 965–970; Díez-Picazo, *op. cit.*, págs. 130 y 240.

Debemos, pues, cuestionarnos si la acción instada por el recurrido ante J.A.S.A.P. es una pretensión capaz de interrumpir el término prescriptivo.

Díez-Picazo, en su obra ya citada, pág. 109, afirma:

> Ante todo es menester tomar en consideración que lo que la ley considera como acto de interrupción de la prescripción es el

ejercicio de la *misma acción que está prescribiendo.* Debe, pues, existir identidad entre la acción ejercitada y la acción en prescripción. *Esto es importante cuando de un mismo supuesto de hecho nacen en favor de un mismo titular acciones diversas.* (Énfasis suplido y nota omitida.)

Ello es sumamente importante en autos donde el traslado del recurrido dio vida a diversas causas: una administrativa y otra civil. *Cf. Graffals González v. García Santiago,* supra, pág. 688.

A la luz de ese principio de identidad de propósitos de la acción administrativa y la judicial, para fines de interrumpir el término prescriptivo, resolvimos el caso *Srio. del Trabajo v. F.H. Co., Inc.,* 116 D.P.R. 823 (1986). Allí sostuvimos que la notificación al patrono, dentro del período prescriptivo de la acción en daños, de copia de la querella presentada por el empleado ante la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos interrumpe, por ser una reclamación extrajudicial, el período prescriptivo para instar una acción judicial en daños y perjuicios bajo la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. secs. 146 a 151. Nuestro dictamen se fundamentó en la naturaleza de la acción administrativa que se presenta en la unidad antidiscrimen y su identidad con la acción judicial instada por el Secretario del Trabajo. Al respecto destacamos que el Art. 2 de la Ley Núm. 100, *supra,* 29 L.P.R.A. sec. 147, faculta al empleado a instar una acción de solicitud de *responsabilidad civil de su patrono;* que en virtud del Art. 4 de la Ley Núm. 100, *supra,* 29 L.P.R.A. sec. 149, esa reclamación *podía tramitarla el empleado mediante acción ordinaria o mediante el procedimiento de querella* establecido en la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. secs. 3118 a 3132), y que en virtud del Art. 5 de la Ley Núm. 100, *supra,* 29 L.P.R.A. sec. 150, y la Sec. 3118 de la Ley Núm. 2, *supra, el Secretario del Trabajo está facultado para instar la demanda —esto es, exigir responsabilidad civil del patrono—* a iniciativa propia o a instancia del empleado. *en representación y para el beneficio de dicho empleado.*

Así que, para efectos de interrumpir la prescripción, *la acción administrativa instada por la querellante dentro del término*

*prescriptivo y ante la Unidad Antidiscrimen era idéntica a la que instó el Secretario del Trabajo en el foro judicial.* De ahí el porqué su notificación(5) al patrono interrumpió el término prescriptivo de la acción civil en reclamación de daños y perjuicios.

Bajo ese esquema legislativo, presente en *Srio. del Trabajo v. F.H. Co., Inc.*, supra, era forzoso concluir que la presentación de la querella administrativa era la pretensión o reclamación extrajudicial eficaz para interrumpir el término prescriptivo.(6)

■ Distinta es la situación bajo el esquema legislativo y remedial de J.A.S.A.P. Ello permitió que en *Delgado Rodríguez v. Nazario de Ferrer*, supra, resolviéramos que la acción administrativa ante J.A.S.A.P. no interrumpe el término prescriptivo de un (1) año con que cuenta un empleado ilegalmente destituido de su puesto para reclamar indemnización por los daños y perjuicios sufridos a consecuencia de tal actuación gubernamental. La Ley de Personal y su reglamento no conceden a J.A.S.A.P. la facultad de responsabilizar civilmente a las agencias administrativas que le violan los derechos estatutarios o constitucionales a los empleados públicos. Los remedios que dichos estatutos conceden se limitan a la reinstalación y al pago de los haberes dejados de percibir por los empleados públicos. 3 L.P.R.A. sec. 1397. Además, tales remedios se imponen a la agencia y no necesariamente al causante del daño.

■ Ello no quiere decir que al empleado público al que su patrono le viola sus derechos civiles queda desvalido. Como reconocimos en *Delgado Rodríguez v. Nazario de Ferrer*, supra,

---

(5) En *Santiago Nieves v. A.C.A.A.*, 119 D.P.R. 711 (1987), resolvimos que la presentación de una querella ante el Departamento de Asuntos del Consumidor (D.A.Co.) no interrumpe el término prescriptivo de una acción en daños y perjuicios contra la Administración de Compensación por Accidentes de Automóviles (A.C.A.A.) cuando en dicho procedimiento administrativo A.C.A.A. no fue parte ni se hizo alegación alguna en su contra.

(6) Semejante esquema legislativo y remedial al de *Srio. del Trabajo v. F.H. Co., Inc.*, 116 D.P.R. 823 (1986), lo encontramos en la Ley Núm. 120 de 7 de junio de 1973 (23 L.P.R.A. sec. 805 *et seq.*) sobre reclamaciones en negocios de estacionamientos públicos. Véanse, además: *Aguilú Delgado v. P.R. Parking System*, 122 D.P.R. 261 (1988); la Ley Núm. 17 de 22 de abril de 1988 (29 L.P.R.A. sec. 155 *et. seq.*), sobre hostigamiento sexual en el empleo, y otras leyes especiales.

cuando tal es la situación, el empleado queda excusado de acudir en primera instancia al foro administrativo para reclamar cualquier responsabilidad civil de dicho patrono.

El empleado público, en tales casos, debe acudir directamente al foro judicial con su acción en reclamo de daños y perjuicios para que se entienda interrumpido el término prescriptivo.[7] La razón es sencilla. Por su naturaleza, la acción ante J.A.S.A.P y la acción judicial no persiguen propósitos idénticos.[8] La acción ante J.A.S.A.P, como está regulada, no provee el medio de revelar la intención o voluntad del acreedor de conservar y exigir el derecho al resarcimiento de los daños y perjuicios sufridos. Por ello, su ejercicio no cualifica como pretensión capaz de interrumpir el término prescriptivo de la acción civil en estos casos.

Claro está "[e]n instancias en que un litigante acuda simultáneamente al foro judicial y administrativo, o que las doctrinas sobre jurisdicción primaria o de agotamiento de remedios administrativos aconsejen o hagan imperativo remitir el caso a la agencia correspondiente —y además se reclamen daños y perjuicios— la mejor práctica es suspender la acción judicial para que una vez advenga final y firme el dictamen administrativo, se resuelva si proceden los daños reclamados". *Delgado Rodríguez v. Nazario de Ferrer*, supra, pág. 359 esc. 7. Es aconsejable, en tales casos, suspender la acción judicial hasta tanto el dictamen administrativo advenga final y firme para, además, evitar así la duplicidad de esfuerzos y las determinaciones incompatibles o contradictorias entre los distintos foros.

Forzoso es concluir, sin embargo, que bajo el esquema estatutario de la Ley de Personal y su reglamento, la apelación

---

[7] En *Delgado Rodríguez v. Nazario de Ferrer*, supra, señalamos, además, que el empleado podía interrumpir el término mediante comunicación escrita extrajudicial donde se especifique la causa de acción en daños y perjuicios, se reclame compensación por los daños y le sea notificada a los causantes del daño.

[8] Siguiendo este análisis, el Tribunal Federal de Apelaciones para el Primer Circuito ha resuelto que una acción de *mandamus*, *Ramírez de Arellano v. Alvarez de Choudens*, 575 F.2d 315 (1er Cir. 1978), o las cartas enviadas por el abogado solicitando la reinstalación del empleado, *Hernández del Valle v. Santa Aponte*, 575 F.2d 321 (1er Cir. 1978), no interrumpen el término prescriptivo de la acción de daños por violación de derechos civiles.

instada por el recurrido ante J.A.S.A.P. no interrumpió el término prescriptivo de la acción en daños y perjuicios por alegada violación a sus derechos civiles.

## V

Finalmente, para evadir el rigor de la prescripción, el recurrido esgrime una tesis novedosa. Sostiene que la carta enviada el 21 de julio de 1987 por la entonces Secretaria del Departamento de Instrucción Pública, Awilda Aponte Roque, en la que ordenó su reinstalación inmediata al puesto en Humacao, constituyó un reconocimiento de deuda con efecto interruptor sobre el término de un (1) año. No tiene razón.

Esa carta fue enviada un (1) año y catorce (14) días después de la fecha en que se le notificó el traslado al recurrido y éste advino en conocimiento de los daños. El error de cómputo en el que incurre el recurrido es iniciar el mismo desde que J.A.S.A.P. emitió su resolución y no desde que él tuvo conocimiento del daño al notificársele el traslado.

## VI

Por último, el mecanismo de sentencia sumaria era el apropiado para hacer valer la prescripción.

La Regla 36.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, permite a una parte contra la cual se haya formulado una demanda presentar en cualquier momento una moción de sentencia sumaria para que se dicte sentencia a su favor sobre toda o parte de la reclamación. Esta parte contra quien se reclama puede plantear la defensa de prescripción a través de una moción de sentencia sumaria (*Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9no Cir. 1980); J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1979, Vol. II, pág. 184) si de los hechos incontrovertidos surge el fundamento de esa defensa.

De los hechos incontrovertidos en autos surge que el 7 de julio de 1986 el Departamento de Instrucción Pública le notificó al

recurrido su traslado a Carolina. Desde esa fecha conocía o debió conocer los daños sufridos por el traslado. Ese era el punto de partida del término prescriptivo. El recurrido instó la acción judicial reclamando daños y perjuicios el 3 de mayo de 1988, esto es, un (1) año y diez (10) meses con posterioridad a la notificación del traslado. Había, pues, transcurrido en exceso el término prescriptivo de dicha acción. El recurrido pudo acudir directamente al foro judicial y no lo hizo. Optó por recurrir en apelación ante J.A.S.A.P. (acción administrativa) el 7 de agosto de 1986. Sin embargo, tal reclamo no tuvo un efecto interruptor sobre el término.

A la fecha en que el Departamento de Instrucción Pública le envió la carta de reinstalación a su antiguo puesto, en cumplimiento de la orden de J.A.S.A.P, el término prescriptivo de la acción en daños ya había transcurrido en exceso.

Bajo las circunstancias en autos, la acción judicial del recurrido mediante la cual solicitó indemnización por los daños y perjuicios sufridos, por alegada violación de sus derechos civiles al trasladarlo discriminatoriamente de su puesto, estaba prescrita. Debió así decretarlo el foro de instancia vía sentencia sumaria.

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López concurre con el resultado.