Fiol Matta, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
La Puerto Rico Telephone Company, en adelante P.R.T.C., presentó en este Tribunal un recurso de apelación sobre una sentencia que desestimó sin perjuicio la acción en daños y perjuicios que en su contra instó Francisco J. Olivo Cotto, un empleado de dicha corporación pública. En la sentencia apelada, el Tribunal de Primera Instancia remitió al foro administrativo las demás alegaciones de la demanda relacionadas con la adjudicación de una plaza gerencial y reteniendo su jurisdicción, instruyó a dicho foro para que celebrara vista, adjudicase en sus méritos las mismas y le informase al tribunal su decisión final. Inconforme, la P.R.T.C. interpuso moción de reconsideración la cual fue denegada.
Los hechos que dieron lugar a la acción civil que culminó con la sentencia apelada surgen de la propia sentencia apelada, del escrito de apelación y del alegato de la parte apelada así como de los demás documentos en autos. Ellos demuestran que el 13 de abril de 1993, el señor Olivo Cotto, empleado regular de la P.R.T.C. ocupando el puesto de "Supervisor de PABX", presentó una querella ante el Director de Relaciones de Empleados de la P.R.T.C., siguiendo el procedimiento establecido por dicho patrono para atender- las quejas del personal gerencial. En la misma impugnó la adjudicación de la plaza de gerente de PABX-Bayamón, requiriendo que la misma fuera publicada según la práctica establecida por la P.R.T.C. y que se le considerara como candidato para dicho puesto. El Director de Relaciones de Empleados declaró sin lugar la querella, por lo que el señor Olivo en revisión de dicha determinación solicitó una vista administrativa y el nombramiento de un oficial examinador.
En vista de que el oficial examinador nombrado por la P.R.T.C. para entender en la querella no resolvió la misma dentro del término de seis (6) meses dispuesto en el inciso (g) de la sección 3.13 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2163(g), el señor Olivo Cotto radicó el 22 de enero de 1996, dos años y nueve meses después de interponer la querella, una demanda contra su patrono ante el Tribunal de Primera Instancia, Sala Superior de San Juan alegando haber agotado el procedimiento administrativo. En la demanda reprodujo los reclamos contenidos en la querella administrativa y añadió una reclamación por daños y perjuicios aduciendo que la demandada discriminó en su contra por su afiliación política cuando le privó de competir para la referida plaza. Alegó, además, que dicha actuación de la demandada le ocasionó serias angustias, sufrimientos mentales y daño económico que estimó en $100,000. Solicitó del foro de primera instancia anular la adjudicación del puesto de gerente de mantenimiento de cuadros, ordenar a la P.R.T.C. publicar dicho puesto conforme a la práctica RE-035 y a reconocerlo a él como el candidato idóneo para ocupar el mismo. Un día después, el 23 de enero de 1996, presentó una Moción de Desistimiento Sin Perjuicio ante el Oficial Examinador que tenía a su cargo la queja en el procedimiento administrativo. El Examinador declaró con lugar dicha moción. De este dictamen, la P.R.T.C. no solicitó reconsideración ni acudió en revisión judicial.
El 15 de febrero de 1996, la P.R.T.C. solicitó al tribunal que dictara sentencia sumaria *1131 desestimando la acción en daños y perjuicios presentada por el señor Olivo Cotto. En su moción, adujo que la acción en daños estaba prescrita porque la queja administrativa no interrumpió el decursar del término prescriptivo de un año, ya que dicho foro administrativo, no estaba, legalmente facultado para conceder compensación en daños. El señor Olivo se opuso a dicha petición de sentencia sumaria argumentando que si bien la causa de acción por daños y perjuicios estaba prescrita, la demanda incluia tres causas adicionales que no estaban prescritas. Una era la referente a la anulabilidad de la adjudicación del puesto de gerente, otra sobre la exigencia de la publicación de la requisitoria de personal y la tercera, exigiendo que se ordenara a la P.R.T.C. reconocerlo como candidato para el puesto de gerente.
Según hemos expuesto, el tribunal decretó la desestimación sin perjuicio de la acción en daños incluida en la demanda aludiendo al caso de Ríos Quiñones, et al v. Administración de Servicios Agrícolas, et. al., _ D.P.R. _ (1996), 96 J.T.S. 71. Además, remitió al foro administrativo las alegaciones pendientes sobre la impugnación de la adjudicación del puesto, considerando dicho foro como el indicado para dilucidar alegaciones de índole administrativa aún cuando incluyeran violación a derechos civiles. Explicó que las doctrinas sobre jurisdicción primaria y agotamiento de remedios" administrativos aconsejaban suspender la acción judicial hasta que se convirtiera en final y firme el dictamen administrativo. Resolvió que en el caso no se encontraban presentes las situaciones reconocidas por la doctrina que le permiten a una persona, por excepción, eludir el trámite administrativo y determinó que el proceso administrativo instado por el señor Olivo Cotto no había sido tan lento como para perjudicar derechos fundamentales. Tampoco encontró que el demandante hubiera demostrado un agravio a derechos constitucionales que fuese de intensidad tan patente como para justificar que se prescindiera de los remedios administrativos disponibles en la P.R.T.C.
No conforme con dicha sentencia, la P.R.T.C. presentó una moción de reconsideración, en la que sólo alegó y argumentó que la desestimación de la acción en daños y perjuicios debió dictarse con perjuicio porque la acción había prescrito. El foro apelado se negó a reconsiderar su dictamen indicando que de acuerdo con el caso Ríos Quiñones y otro v. Administración de Servicios Agrícolas, etc., supra, cuando la acción en daños surge de una alegada actuación administrativa, el término prescriptivo se computa desde que se recibe la notificación que declaró con lugar la reconsideración de la decisión administrativa. Apelación, Apéndice, página 9, Exhibit II.
En apelación, la P.R.T.C. señala que el foro de instancia erró al desestimar sin perjuicio la causa de acción por daños y perjuicios y cuestiona la facultad del tribunal sentenciador para remitir al foro administrativo la reclamación del demandante que había sido archivada por dicho foro, a solicitud del propio señor Olivo Cotto. Por los fundamentos que nos proponemos exponer confirmamos la sentencia apelada en todos sus extremos.
La apelante señala y argumenta que de las propias alegaciones de la demanda surge que la acción judicial se inició casi tres años después de que el señor Olivo Cotto se enteró de los alegados actos discriminatorios, tomando como punto de partida la fecha que tuvo conocimiento de que se le había otorgado a otra persona el puesto de gerente de mantenimiento de PABX-Bayamón. Apoyándose en las opiniones del Tribunal Supremo en los casos de Delgado Rodríguez v. Nazario de Ferrer, 121 D.P.R. 347 (1988) y Cintrón v. E.L.A., 127 D.P.R. 582 (1990), arguye que la acción ante el foro administrativo na interrumpió el término prescriptivo de un año para reclamar daños y perjuicios, porque dicho foro no tenía facultad alguna para conceder daños.
Por su parte, el señor Olivo Cotto argumenta en su alegato que su acción en daños no está prescrita y que se equivocó cuando se allanó a la petición de la P.R.T.C. para que se dictara sentencia sumaria desestimando la misma. Indica que tanto la demandada-apelante como él cometieron el error de comenzar a computar el término prescriptivo de un año desde el momento en que tuvo conocimiento de la adjudicación del puesto. Explica que si bien en Cintrón v. E.L.A., supra, la acción en daños del empleado público surgió cuando se enteró de que había sido trasladado, ello se debió a que dicha decisión de la agencia fue una final de la cual Cintrón recurrió ante J.A.S.A.P. Argumenta que en su caso la situación es totalmente distinta porque tan pronto se enteró de que la plaza de gerente fue adjudicada a otra persona cuestionó la validez de dicha acción, iniciando el trámite que para atender quejas del personal gerencial. El señor Olivo Cotto indica en su recurso que su querella nunca se adjudicó de forma final ya que solicitó su desistimiento y se decretó su archivo sin perjuicio.
*1132 Amparándose en Ríos Quiñones v. Administración de Servicios Agrícolas, supra, reclama que en casos como el suyo, en los que la alegada acción en daños surge de una acción administrativa, el término prescriptivo no comienza a transcurrir hasta que se notifica la decisión final de la agencia, pues no es hasta ese momento que la persona afectada conoce a ciencia cierta que la agencia se reitera en su decisión y puede presentar su reclamación. Apunta que de acuerdo con la sección 12.3 del Procedimiento para Atender Quejas del Personal Gerencial, la decisión final y definitiva de la P.R.T.C. es aquella que adopte el oficial examinador designado para atender la querella, lo que todavía no ha ocurrido en su caso.
Tras sopesar los argumentos de las partes, concluimos que el derecho aplicable sostiene los planteamientos del señor Olivo Cotto. La acción judicial en daños y perjuicios que instó fue prematura y procedía su desestimación sin perjuicio. En Cintrón v. E.L.A., supra, la acción administrativa que dio base a la acción en daños contra el Estado (Departamento de Instruccción Pública) fue un traslado. Dicha acción final y definitiva de la agencia fue declarada ilegal por la Junta de Apelaciones del Sistema de Personal ("J.A.S.A.P.") al estimar que obedeció a razones ajenas al principio de mérito. A pesar de que la agencia acató la decisión de J.A.S.A.P. y retiró el traslado del señor Cintrón, antes de transcurrir un año desde que se le notificó la decisión de la J.A.S.A.P., el funcionario instó acción civil de daños contra el Estado en la que alegó que el traslado ilegal obedeció a razones políticas. El Estado solicitó sin éxito la desestimación por prescripción de la acción, argumentando que se presentó casi dos años después del traslado impugnado. En apelación, el Tribunal Supremo determinó que la acción administrativa ante J.A.S.A.P. no interrumpió el término prescriptivo porque dicho organismo administrativo apelativo no está legalmente facultado para responsabilizar civilmente a las agencias que incurren en conducta ilegal contra los empleados públicos.
En Ríos Quiñones, supra, la acción administrativa impugnada fue también un traslado. No obstante, no se trató de una acción final porque la empleada solicitó la reconsideración y notificó a su patrono (A.S.A.) que el traslado impugnado constituía un discrimen por razones políticas. El patrono denegó la reconsideración y ratificó el traslado de la señora Ríos. Esta presentó una querella judicial al amparo del procedimiento sumario que provee la Ley Núm. 2 de 17 de octubre de 1961 en la que reclamó discrimen por razones políticas y solicitó daños, además de reinstalación en el empleo. El planteamiento de prescripción de la acción en daños y perjuicios por haberse presentado después de transcurrido el año desde que la agencia le comunicó el traslado a la empleada llegó hasta el Tribunal Supremo. Este determinó que la acción en daños no estaba prescrita. Según explicó el Tribunal:
En el caso de autos, la acción judicial fue presentada un año y catorce días después de la fecha en que la señora Ríos recibió la comunicación inicial de traslado en cuestión. Pero resulta que esa no es la fecha a partir de la cual transcurre el término prescriptivo fijado por el Art, 1868 del Código Civil de Puerto Rico,.... "Aquí Ríos cuestionó el traslado y solicito de su patrono la reconsideración de la decisión de trasladarla. El patrono consideró esta solicitud, y la denegó. Fue entonces, al ratificar A.S.A. la decisión de traslado, que la misma se convirtió en una decisión final; y es a partir de la notificación de esa decisión final que comienza a transcurrir el término prescriptivo. Nótese que no es hasta entonces que la señora Ríos conoce, a ciencia cierta, que su traslado está en vigor. Como la aludida decisión final de A.S.A. se comunicó en una carta fechada 30 de diciembre de 1993, es evidente que al presentarse la acción judicial el 28 de diciembre de 1994, ésta no había prescrito aún". Ríos, supra, página 1133.
El término de un año para reclamar los daños y perjuicios comienza a discurrir desde el momento en que el perjudicado se entera de que hubo una acción negligente y que la misma le causó un daño. En el caso de autos eso no sucederá hasta que la P.R.T.C. emita su decisión final con respecto-a la querella del señor Olivo Cotto. Como la acción administrativa que inició el señor Olivo Cotto al presentar su querella fue archivada sin perjuicio, todavía no se sabe a ciencia cierta si la decisión administrativa impugnada por él va a ser la decisión final de la P.R.T.C. Ello es así porque, según surge de la sección 12.3 del Reglamento de Personal para Empleados Gerenciales de la P.R.T.C., la decisión "final y definitiva" no se conocerá hasta que el oficial examinador designado para adjudicar en sus méritos la solicitud de revisión instada por el señor Olivo Cotto emita su dictamen. Por otra parte, nada impide al señor Olivo Cotto regresar al foro administrativo puesto que un archivo sin perjuicio significa que nunca hubo una adjudicación en los méritos y que aquél que solicita el desistimiento de su acción conserva el derecho a entablarla nuevamente. Regla 39.1(b) de *1133 Procedimiento Civil, 32 L.P.R.A. Ap.III, R.39.1(b), Cuevas Segarra, José A., Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., 1983, páginas 203-204; De la Matta v. Carreras, 92 D.P.R. 85 (1975); Kane v. República de Cuba, 90 D.P.R. 428 (1964).
La P.R.T.C. también cuestiona la corrección del dictamen judicial que remite al foro administrativo las alegaciones relacionadas con la adjudicación de la plaza gerencial. Arguye que el señor Olivo Cotto no agotó el remedio administrativo provisto por su reglamento porque desistió de la acción administrativa y ésta fue archivada. Aduce, además, que tampoco alegó en su reclamación judicial hechos que ameritaran preterir el agotamiento de los remedios administrativos ni cumplió con los requisitios jurisprudenciales para ser excusado del trámite administrativo y.tener acceso al foro judicial. Por tal razón, concluye que no tenía acceso al foro judicial, ni dicho foro podía ordenar que se reabriera la reclamación administrativa cuya desestimación se convirtió en final y firme porque ninguna de las partes solicitó su revisión judicial.
Concurrimos con la parte apelada en su apreciación de que todo el argumento de la P.R.T.C. en torno a este señalamiento de error parte de la premisa equivocada de que el. desistimiento y archivo de la acción administrativa fue 10 decretado con perjuicio. Es sobre esa base que aduce que las alegaciones de indole administrativa no pueden volverse a dilucidar en dicho foro. Es cierto que el oficial examinador no especificó en su resolución que la desestimación de la querella administrativa era sin perjuicio. Sólo expresó que declaraba con lugar la moción de desistimiento presentada por el señor Olivo Cotto. Sin embargo, esta moción especificaba que el desistimiento debía admitirse sin perjuicio y demostraba claramente la intención del señor Olivo Cotto de no desistir totalmente de su reclamación administrativa. La propia Regla 39.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, que permite el desistimiento voluntario de una acción judicial, dispone que el desistimiento voluntario será sin perjuicio cuando no se exponga lo contrario. Más aún, dispone que el desistimiento por orden de un tribunal también se entiende sin perjuicio, a menos que la orden especifique lo contrario. La resolución que nos ocupa no consignó un desistimiento con perjuicio y esto, junto a la intención de la parte, nos lleva a concluir que el desistimiento y archivo de la querella en el foro administrativo fue sin perjuicio. De acuerdo a ello, no existía impedimento alguno para que el tribunal apelado remitiera a dicho foro las alegaciones de indole administrativa una vez concluyó que la lentitud en la adjudicación de la querella no justificaba la excepción del requisito de agotar el remedio administrativo, conclusión del tribunal que estimamos correcta y que en apelación no ha sido impugnada por la P.R.T.C.
Por todo lo anterior, se confirma la sentencia apelada en todos sus extremos.
Así lo acordó y lo manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General