Feliciano Acevedo, Juez Ponente
*701 TEXTO COMPLETO DE LA SENTENCIA
Mediante recurso de Certiorari, comparece el Municipio de Isabela, su alcalde, Hon. Carlos O. Delgado Altieri y el Comisionado de Seguridad Pública del referido Municipio, Sr. Carlos Torres Pratts (peticionarios). Nos solicitan la revisión de la Resolución emitida por el Tribunal de Primera Instancia, Sala de Quebradillas (TPI), el 10 de septiembre de 2007. La Resolución recurrida denegó la solicitud de los peticionarios para que se suspendieran los procedimientos en el foro judicial, mientras la controversia se dilucida en el foro administrativo y para que se tramite bajo el procedimiento ordinario.
Por los fundamentos que a continuación expresamos, se expide el auto solicitado y se revoca la Resolución recurrida.
I
Según se desprende del expediente ante nuestra consideración, el 9 de julio de 2007, la Sra. Viviannette Santos Rivera (recurrida), presentó una querella ante el TPI al amparo de la Ley Núm. 2 del 17 de octubre de 1961, 31 L.P.R.A. §3118. En síntesis, alegó que fue víctima de hostigamiento laboral, mientras se desempeñaba *702 como policía municipal, por parte de su supervisor, el codemandado Carlos Torres Pratts, Comisionado de la Policía Municipal. Como parte del alegado patrón de hostigamiento laboral, la recurrida alegó que al quejarse por el hostigamiento al que era sometida se tomaron represalias en su contra entre las que mencionó el traslado en contra de su voluntad a la Oficina del Centro de Recaudación de Ingresos Municipales (CRIM); que se le despojó de su arma de reglamento sin examen médico previo y por presentar una querella sobre violencia doméstica contra su esposo; un cambio de tumo luego de regresar del descanso ordenado por los facultativos del Fondo del Seguro del Estado; discrimen por razón de género y por su condición de salud. Finalmente, la recurrida alegó haber sufrido daños y peijuicios valorados en $100,000.00.
Luego de ser emplazados, los peticionarios presentaron su “Contestación a Querella”, mediante la cual negaron las alegaciones en su contra. En particular, entre las defensas afirmativas invocadas, los peticionarios alegaron que la jurisdicción primaria exclusiva para atender los reclamos de la recurrida le corresponde a la Comisión Apelativa del Sistema de Administración de Recursos Humanos (C.A.S.A.R.H.), antigua Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.). Por esta razón, los peticionarios acompañaron la presentación de la contestación de la querella con un “Escrito Solicitando Se Tramite el Presente Caso Bajo el Procedimiento Ordinario y se Suspendan los Procedimientos Hasta que la Querellante Dilucide su Caso en el Foro Administrativo”.
El 21 de agosto de 2007, el TPI ordenó a la recurrida a que se expresara en torno a la solicitud de los peticionarios. El 4 de septiembre de 2007, la recurrida dio cumplimiento a la orden del TPI, mediante “Replica a Escrito Solicitando se Tramite el Presente Caso Bajo el Procedimiento Ordinario y Se Suspendan Los Procedimientos Hasta Que la Querellante Dilucide su Caso en el Foro Administrativo
El 10 de septiembre de 2007, el TPI emitió la Resolución recurrida que denegó la solicitud de los peticionarios. Inconformes con dicho resultado, los peticionarios acuden ante nos y aducen que el TPI cometió el siguiente error:

“INCIDIÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL NO RESOLVER QUE LA JURISDICCIÓN PRIMARIA EXCLUSIVA PARA DILUCIDAR LOS RECLAMOS DE LA RECURRIDA COMPETE A LA COMISIÓN APELATIVA DEL SISTEMA DE ADMINISTRACIÓN DE RECURSOS HUMANOS. ”

En Resolución de 2 de noviembre de 2007, concedimos un término de 20 días a partir de la notificación de la misma para que la recurrida se expresara en torno al señalamiento de error expresado en el recurso. La recurrida no compareció ni mostró causa por la cual no cumplió nuestra orden. Por ende, procedemos a resolver sin el beneficio de su comparecencia.
II
En síntesis, los peticionarios aducen que incidió el TPI al denegar su solicitud de que se tramite la reclamación de la recurrida bajo el cauce ordinario y se suspendan de los procedimientos hasta que la querella sea dilucidada en el foro administrativo correspondiente. Tienen razón.
Mediante la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, conocida como Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, 21 L.P.R.A. §§4001 y ss., los municipios quedaron excluidos de las disposiciones de la Ley de Personal del Servicio Público, excepto en cuanto a lo establecido sobre la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.), hoy Comisión Apelativa del Sistema de Administración de Recursos Humanos (C.A.S.A.R.H.) Por consiguiente, el referido foro administrativo mantuvo jurisdicción apelativa exclusiva sobre los reclamos de los empleados municipales relacionados con la administración del sistema de personal. 21 L.P.R.A. §4552.
Desde la anterior y derogada legislación, los tribunales fueron despojados de cualquier jurisdicción original *703 que de otra forma-poseerían, y su función se limitó a la revisión judicial de la determinación de la antigua J.A.S. A.P. 3 L.P.R.A. §1396. Además, J.A.S.A.P. era el organismo apelativo del sistema de administración de personal municipal. Art. 11.002, de la Ley de Municipios Autónomos, ante, a la §4552. (Énfasis Suplido). Rivera Ortiz v. Municipio de Guaynabo, 141 D.P.R. 257 (1996).
La Ley Núm. 5 de 14 de octubre de 1975 fue dejada sin efecto mediante la aprobación de la Ley Núm. 184 de 3 de agosto de 2004, conocida como Ley para la Administración de los Recursos Humanos en el Servicio Público. La referida legislación creó a la C.A.S.A.R.H. como organismo apelativo sustituto de la J.A.S.A.P. para atender-los casos de personal. La Comisión tiene jurisdicción sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas especificadas en la Ley. Art. 13.1 y 13.13 de la Ley Num. 184 de 3 de agosto de 2004. Específicamente, el Artículo 13 de la Ley Núm. 184, 3 L.P.R.A. §1468Z, dispone, en lo pertinente, que:

“Esta Comisión tendrá jurisdicción sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se especifican a continuación:

(1) Cuando un empleado dentro del Sistema de Administración de los Recursos Humanos, no cubiertos por la Ley de Relaciones del Trabajo para el Servicio Público, sees. 1451 et seq. de este título, alegue que una acción o decisión que le afecta viola cualquier derecho que se le conceda en virtud de las disposiciones de este capítulo, de la Ley de Municipios Autónomos, sees. 4001 et seq. del Título 21, los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a este capítulo.

Ello significa que C.A.S.A.R.H. es quien puede resolver en primera instancia los asuntos del personal municipal. Ahora bien, lo anterior no implica que el empleado municipal al que se le han violado sus derechos quede desvalido de cualquier otro remedio provisto por ley, pues además de la acción administrativa podrá acudir al foro judicial para reclamar los daños que la actuación ilegal le haya causado. Cintrón v. E.L.A., 127 D.P.R. 582 (1990). En tales circunstancias, el empleado público “debe acudir directamente al foro judicial con su acción en reclamo de daños y perjuicios para que se entienda interrumpido el término prescriptivo”. Id.
No obstante, la presentación de una reclamación de daños en los tribunales no puede ser utilizada como un subterfugio para burlar la obligación de agotar los remedios administrativos o para restarle finalidad a una determinación administrativa cuando, inmersa en la reclamación judicial, subyacen controversias que requieren ser adjudicadas inicialmente por el foro administrativo. En tales situaciones, los tribunales deben abstenerse de adjudicar aquellas controversias incluidas en la reclamación judicial cuya adjudicación está reservada al foro administrativo, ya sea por tratarse de una materia de jurisdicción exclusiva de ese foro, o porque su resolución requiere una previa intervención de la pericia administrativa, entre otras circunstancias contempladas por nuestro ordenamiento jurídico. Igartúa de la Rosa v. A.D.T., 147 D.P.R. 318 (1998).
En situaciones en las que un empleado acude simultáneamente al foro administrativo y al foro judicial, es aconsejable suspender la acción judicial hasta tanto el dictamen administrativo advenga final y firme. De este modo, se evita la duplicidad de esfuerzos y la posibilidad de determinaciones incompatibles o contradictorias. Cintrón v. E.L.A., ante.
De una evaluación de los hechos del presente caso, podemos concluir que la recurrida pretende obviar el cauce administrativo y recurrir directamente ante el tribunal para que adjudique el alegado discrimen y los daños y perjuicios causados. Sin embargo, la recurrida no podía descansar únicamente en alegaciones generalizadas *704 sobre discrimen, para invocar un reclamo judicial capaz de derrotar la doctrina de jurisdicción primaria.
En el caso de autos, el foro recurrido deberá abstenerse de intervenir con el caso, pues es C.A.S.A.R.H. quien tiene jurisdicción apelativa exclusiva, de conformidad con lo establecido por la Ley de Municipios Autónomos y la jurisprudencia interpretativa. Para que dicho foro pueda obviar el cauce administrativo, la recurrida tenía que fundamentar la existencia de un agravio de patente intensidad o la alegación de una crasa violación de sus derechos constitucionales, lo cual no hizo. En vista de todo lo anterior, resolvemos que el error aducido por los peticionarios fue cometido.
III
En mérito de las consideraciones antes expresadas, se expide el auto solicitado y se revoca la Resolución recurrida. Se ordena la suspensión de los procedimientos en este caso mientras se dilucida el caso de la parte demandante recurrida en C.A.S.A.R.H.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Leda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones