Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| LUIS JACOBO RIVERA MERCADO<br><br>Apelante<br><br>v.<br><br>ALEXANDRA T. RIVERA MIRANDA<br><br>Apelada | KLAN202300559 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Civil núm.: AI2021CV00416<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente el juez Sánchez Ramos, el juez Rivera Torres y el juez Salgado Schwarz.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de julio de 2023.

Comparece ante este Tribunal de Apelaciones, el Sr. Luis Jacobo Rivera Mercado (el señor Rivera Mercado o el apelante) mediante el recurso de *Apelación* de epígrafe solicitándonos la revisión de una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito (el TPI) el 25 de abril de 2023, archivada en autos el 28 de abril siguiente. Mediante dicho dictamen, el TPI declaró *Ha Lugar* a la *Solicitud de Sentencia Sumaria* presentada por la Sra. Alexandra T. Rivera Miranda (la señora Rivera Miranda o la apelada) por lo cual ordenó la desestimación de la demanda con perjuicio.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

**I.**

El 3 de noviembre de 2021 el señor Rivera Mercado presentó una *Demanda* en Daños y Perjuicios contra la señora Rivera Miranda. Alegó que el 5 de noviembre de 2019 le fue hurtado su vehículo, un Honda Ridgeline 2017 y que se comunicó con la

apelada para informar lo ocurrido para así someter una reclamación a la aseguradora. Arguyó que la apelada le indicó que su póliza había sido cancelada por falta de pago desde el 28 de agosto de 2019.[1] En síntesis, adujo que las actuaciones negligentes de esta, como representante autorizada, fue la causa próxima que provocó la cancelación de la póliza expedida por Universal Insurance. En consecuencia, solicitó una compensación total de $54,005.35 más $2,000 en honorarios de abogado.

El 17 de enero de 2022 la apelada contestó la demanda negando los hechos esenciales a la misma. Entre sus defensas afirmativas invocó la prescripción de la causa de acción.[2] De igual manera, adujo que el término prescriptivo no se interrumpió apropiadamente.

Una vez culminado el descubrimiento de prueba, la señora Rivera Miranda instó una *Solicitud de Sentencia Sumaria* y el apelante se opuso a la misma. El 17 de noviembre de 2022 el TPI dictó una *Resolución* declarando *No Ha Lugar* el petitorio. Razonó que la apelada "no incluyó en su solicitud de sentencia sumaria una relación concisa de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con referencia a los párrafos o páginas de declaraciones juradas u otra evidencia donde se establezcan los mismos, incumpliendo así con la Regla 36.3(a)(4) de Procedimiento Civil".[3] También el foro apelado concluyó que "... tampoco indicó la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria, ni expresó las razones por las cuales debe ser dictada la sentencia, [...]". *Íd.*

Inconforme, la señora Rivera Miranda presentó una oportuna solicitud de reconsideración, la cual fue declarada *No Ha Lugar*

---

[1] Véase el Apéndice del Recurso, a la pág. 2.
[2] *Íd.*, a la pág. 44.
[3] *Íd.*, a la pág. 161.

mediante una *Resolución* emitida el 21 de noviembre de 2022, notificada el 23 del mismo mes y año. Aún insatisfecha con dicha decisión, acudió ante este foro intermedio mediante el recurso de *Certiorari* (KLCE202201394). El 9 de febrero de 2023 esta *Curia* dictó una *Sentencia* expidiendo el recurso y revocando la referida resolución al concluir que la apelada, como promovente de la sentencia sumaria, cumplió con las disposiciones de la Regla 36.3(a)(4) de las de Procedimiento Civil, antes citada. En consecuencia, devolvimos el caso al foro primario para que evaluara el petitorio sumario instado según dispone la Regla 36 de las de Procedimiento Civil.

Recibido el Mandato y luego de evaluar las mociones presentadas por las partes, el foro *a quo* dictó la Sentencia apelada en la cual consignó veintisiete (27) determinaciones de hechos. El foro primario concluyó lo siguiente:[4]

> De las determinaciones de hechos materiales surge que **en ningún momento Rivera Mercado le solicitó restitución financiera a Rivera Miranda**. Tampoco surge de las alegaciones de la Demanda, de las determinaciones de hechos ni de la Oposición de Rivera Mercado que el término prescriptivo de un año haya sido interrumpido en algún momento. Por tanto, el **término prescriptivo transcurrió sin interrupción extrajudicial alguna**.
>
> Por último, en apoyo a su Oposición [...] Rivera Mercado incluyó una Orden emitida por la Oficina del Comisionado de Seguros de Puerto Rico en el Caso Número CM-2021-34 en contra de Rivera Miranda y sobre violaciones a distintos artículos del Código de Seguros de Puerto Rico. De la Orden del referido caso **surge que la misma está relacionada a infracciones administrativas de Rivera Miranda en su despliegue laboral**.
>
> Mediante mencionado proceso administrativo, Rivera Mercado no solicitó restitución alguna. Es decir, no están relacionadas y mucho menos tienen peso alguno en torno a la causa de acción presentada en el caso de epígrafe. Dado lo anterior y aun cuando no fue propiamente alegado por Rivera Mercado, **el proceso administrativo no tuvo efecto interruptor alguno de la causa de acción civil de daños y perjuicios**. (Énfasis nuestro)

---

[4] *Íd.*, a la pág. 294.

En desacuerdo el señor Rivera Mercado solicitó la reconsideración en la cual, entre otros aspectos, insiste en que "el término prescriptivo de un año quedó debidamente interrumpido con la Reclamación ante la Oficina del Comisionado de Seguros el pasado mes de diciembre de 2019."[5] El 24 de mayo de 2023, notificada el 26 de mayo siguiente, el TPI declaró *No Ha Lugar* el petitorio.

Aún inconforme, el señor Rivera Mercado acude ante este tribunal intermedio imputándole al foro de primera instancia la comisión de los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, COMETIÓ ERROR MANIFIESTO EN DERECHO Y ABUSÓ DE SU DISCRECIÓN AL ENTENDER SUMARIAMENTE LA CONTROVERSIA DE AUTOS.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, COMETIÓ ERROR MANIFIESTO EN DERECHO Y ABUSÓ DE SU DISCRECIÓN AL DESCARTAR LA CONSIDERACIÓN DE PRECEDENTE DETERMINACIÓN ADVENIDA, FINAL Y FIRME.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, COMETIÓ ERROR MANIFIESTO EN DERECHO Y ABUSÓ DE SU DISCRECIÓN, AL INCUMPLIR CON APLICABLE NORMATIVA ESTATUTARIA QUE COMENDA LA IMPROCEDENCIA DE ALCANZAR CONCLUSIONES DE DERECHO SOBRE ASUNTOS QUE NO HAN SIDO DEBIDAMENTE PROBADOS COMO HECHOS.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, COMETIÓ ERROR MANIFIESTO EN LA INTERPRETACIÓN DE LA PRUEBA DISPONIBLE A CONSIDERACIÓN JUDICIAL.

El 29 de junio de 2023 dictamos una *Resolución* concediendo a la parte apelada el término de treinta (30) días para expresarse. El 21 de julio de 2023 se cumplió con lo ordenado mediante escrito intitulado *Alegato en Oposición a Recurso de Apelación*. Así, nos damos por cumplidos y decretamos perfeccionado el recurso.

Analizados los escritos y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

---

[5] *Íd.*, a la pág. 313.

**II.**

**El mecanismo de sentencia sumaria**

La sentencia sumaria es un mecanismo procesal mediante el cual se confiere al juzgador discreción para dictar sentencia sin necesidad de celebrar vista evidenciaria. *Ramos Pérez v. Univisión PR Inc.,* 178 DPR 200 (2010); *Nissen Holland v. Genthaller*, 172 DPR 503, 511 (2007). En el ejercicio de tal discreción el tribunal examinará **los documentos admisibles en evidencia que se acompañan con la solicitud** y los documentos que se encuentran en el expediente del tribunal. *SLG Zapata-Rivera v. JF Montalvo,* 189 DPR 414 (2013); *Cruz Marcano v. Sánchez Tarazona*, 172 DPR 526, 550 (2007). Una vez el tribunal determine que no existe una controversia genuina de hechos que tenga que ser dirimida en vista evidenciaria y **que lo único que falta es aplicar el derecho**, procederá a dictar la sentencia sumaria. *Audio Visual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 575 (1997).

Este mecanismo contribuye en aligerar la tramitación de los casos permitiendo que se dicte sentencia sin necesidad de celebrar una vista evidenciaria, **cuando de los documentos no controvertidos que se acompañan con la solicitud** y de la totalidad de los autos, surge que no existe controversia sobre los hechos materiales, **por lo cual solo corresponde aplicar el derecho**. *SLG Zapata-Rivera v. JF Montalvo,* supra; *Medina v. M. S. & D. Química P.R. Inc.*, 135 DPR 716, 726 (1994); *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 279 (1990).

Por otro lado, la parte contra quien se pide una sentencia sumaria <u>debe oponerse y tiene que controvertir la prueba que presenta el promovente con prueba documental</u>. No puede descansar en sus alegaciones y está obligada a contestar detallada y específicamente los hechos pertinentes que demuestren que existe una controversia real y sustancial que amerita dilucidarse en un

juicio plenario. *Flores v. Municipio de Caguas*, 114 DPR 521, 525 (1983); *Ramos Pérez v. Univisión PR Inc.,* supra.

En lo relativo al ejercicio de la facultad revisora de este Tribunal de Apelaciones sobre la procedencia de la sentencia sumaria, **debemos utilizar los mismos criterios que el Tribunal de Primera Instancia**. *Meléndez González et al. v. M. Cuebas*, supra, a la pág. 115. En *Meléndez González,* el Tribunal Supremo atemperó este estándar a las exigencias de las nuevas Reglas de Procedimiento Civil y a lo que ya había establecido hace una década en *Vera v. Dr. Bravo*, 161 DPR 308, 334-335 (2004). Así las cosas, consignó el siguiente estándar:

> "Primero, reafirmamos lo que establecimos en *Vera v. Dr. Bravo, supra*, a saber: el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. En ese sentido, está regido por la Regla 36 de Procedimiento Civil, *supra*, y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario. Obviamente, el foro apelativo intermedio estará limitado en cuanto a que no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia **y tampoco adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo**. La revisión del Tribunal de Apelaciones es de *novo* y debe examinar el expediente de la manera más favorable hacia la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor.
>
> Segundo, por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición **cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civi**l, supra, y discutidos en *SLG Zapata-Rivera v. J.F. Montalvo*, supra.
>
> Tercero, **en el caso de revisión de una Sentencia dictada sumariamente**, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Esta determinación se puede hacer en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.

Cuarto, y por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar de *novo* si el Tribunal de Primera Instancia **aplicó correctamente el Derecho a la controversia**." [Énfasis nuestro]. *Meléndez González et al. v. M. Cuebas*, supra, a las págs. 118-119.

## La Prescripción

Como es sabido, mediante la Ley núm. 55-2020 se adoptó el nuevo Código Civil de Puerto Rico y su vigencia se fijó a partir de los ciento ochenta (180) días de su aprobación, es decir, el 28 de noviembre de 2020. Por ende, los hechos del presente caso tienen su génesis en momentos previos a la vigencia del nuevo cuerpo legal. Así procede la aplicación de las disposiciones del derogado Código Civil de 1930 y su jurisprudencia interpretativa. Puntualizamos que el Código Civil de 2020 mantiene la figura de la prescripción, su interrupción y suspensión en el Capítulo V.[6]

La prescripción de las acciones es un asunto de derecho sustantivo, no procesal, que persigue *"evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos." García Pérez v. Corp. Serv. Mujer,* 174 DPR 138, 147 (2008). Conforme el Artículo 1861 del Código Civil de 1930 (derogado), 31 LPRA sec. 5291, *"[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley".* De no existir una disposición especial que determine otra cosa, el tiempo para la prescripción de toda clase de acciones se contará desde el día en que se pudo ejercitar. Artículo 1869, *supra,* 31 LPRA sec. 5299.

En lo aquí pertinente, las acciones al amparo del Artículo 1802, *supra,* 31 LPRA sec. 5141, estas prescriben por el transcurso de un año desde que lo supo el agraviado. Artículo 1868, *supra,* 31 LPRA sec. 5298. Es decir, **la teoría cognoscitiva del daño** dispone que el término prescriptivo comienza a correr desde que el agraviado conoce: (1) del daño o desde que razonablemente debió conocerlo;

---

[6] Véanse, los Artículos 1189, 31 LPRA sec. 9481 al Artículo 1205, 31 LPRA 9497.

(2) quién fue el autor del mismo, y (3) los elementos necesarios para ejercitar efectivamente la causa de acción. *Toro Rivera v. ELA*, 194 DPR 393, 416 (2015).

Ahora bien, en nuestro ordenamiento jurídico se reconocen (3) tres formas de interrumpir la prescripción de las acciones, a saber: (1) su ejercicio ante los tribunales; (2) por reclamación extrajudicial del acreedor; y (3) por cualquier acto de reconocimiento de la deuda por el deudor, según dispuesto en el Artículo 1873, *supra*, 31 LPRA sec. 5303. El efecto de la utilización de un mecanismo que interrumpa el término prescriptivo *"es que el plazo de prescripción debe volver a computarse por entero desde el momento en que se produce el acto que interrumpe. [citas omitidas]." Sánchez v. Aut. de los Puertos*, 153 DPR 559, 568 (2001). Al respecto, el Tribunal Supremo de Puerto Rico ha establecido que: *"los actos interruptivos representan la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo. [citas omitidas]." García Pérez v. Corp. Serv. Mujer*, 174 DPR 138, 148 (2008). Además, no es necesario que la reclamación extrajudicial tenga una forma determinada. *Sánchez v. Aut. de los Puertos*, supra, a la pág. 568. No obstante, debe tratarse de una verdadera reclamación. G. Orozco Pardo, *De la prescripción extintiva y su interrupción en el Derecho Civil*, Granada, Editorial Comares, 1995, a la pág. 278. De hecho, en la reclamación extrajudicial "no hay relación limitativa hecha por la ley sobre qué actos son los que se incluyen en esta causa interruptiva, admitiendo como tales todos aquellos en que la voluntad del acreedor quede patente. [citas omitidas]." *Sánchez v. Aut. de los Puertos*, supra, a la pág. 569.

Ahora bien, cualquiera sea su forma, para que interrumpa el término prescriptivo, la reclamación extrajudicial tiene que cumplir con los siguientes requisitos: (1) que sea oportuna, es decir, que se realice antes de la consumación del plazo; (2) que se haga por el

titular del derecho o acción, o sea, por la persona legitimada para ello; (3) que el medio utilizado sea adecuado o idóneo; y (4) que exista identidad entre el derecho reclamado y aquel afectado por la prescripción. *Sánchez v. Aut. de los Puertos*, supra, a las págs. 568-569; *Galib Frangie v. El Vocero*, 138 DPR 560, 567 (1995). Esto quiere decir que la reclamación extrajudicial es eficaz siempre que sea dirigida al sujeto pasivo y sea recibida por este. *Zambrana v. E.L.A.*, 129 DPR 740, 752 (1992). El carácter recepticio de la reclamación extrajudicial implica que la declaración interruptiva debe estar dirigida al sujeto pasivo del derecho cuya prescripción se pretende interrumpir y ser enviada a través de los medios adecuados de manera que exista la posibilidad real de que el conocimiento de la reclamación se produzca. *Díaz de Diana v. A.J.A.S. Ins. Co.*, 110 DPR 471, 476-477 (1980) citando a L. Díez Picazo, *La prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1964, a la pág. 130. "La reclamación o pretensión es un acto de declaración de voluntad de naturaleza recepticia. Debe ser dirigido al sujeto pasivo del derecho y debe ser recibido por este. De aquí que no pueda reconocerse eficacia interruptiva a los actos de afirmación de un derecho que no sean dirigidos al obligado o sujeto pasivo de la acción, sino a terceros, a personas distintas, a la generalidad." *Íd.*, a la pág. 476.

## III.

En esencia, el apelante señaló que el foro de primera instancia erró al dictar la sentencia sumariamente por entender que existen hechos en controversia y contrarios a lo resuelto por el Comisionado de Seguros de Puerto Rico (el Comisionado) en el caso CM-2021-34. En cuanto a la prescripción meramente argumentó que la causa de acción aquí instada no está prescrita, ya que el término prescriptivo fue interrumpido por la presentación de la querella ante el Comisionado y comenzó a decursar nuevamente una vez resuelta la misma el 22 de junio de 2021. Habiéndose presentado la demanda

el 3 de noviembre siguiente, este entiende que fue instada en tiempo. Analizados los errores, consideramos que los mismos están relacionados entre sí por lo que serán discutidos conjuntamente.

En el caso de autos se presentó la demanda de epígrafe el 3 de noviembre de 2021 por hechos ocurridos el 5 de noviembre de 2019, o sea **dos (2) años** después. En esta se alegó que la apelada (quien fungía como corredora de seguros al momento de los hechos) fue negligente al no ejercer las funciones "lógicas, prudentes y ministeriales de su oficio."[7] Adujo que los actos negligentes provocaron que la póliza con Universal Insurance fuese cancelada por falta de pago y no hubiese cubierta al momento en que le robaron el vehículo que este creía asegurado.[8]

Conforme a lo consignado en el trámite procesal, el 14 de septiembre de 2022 la apelada presentó el petitorio sumario desestimatorio argumentando, entre otros asuntos, que la causa de acción instada en su contra está prescrita. Puntualizamos que en la contestación a la demanda la apelada levantó como defensa afirmativa la prescripción.[9] En su oposición al referido pedido, el señor Rivera Mercado no discutió la figura de la prescripción y solamente se limitó a citar las disposiciones legales aplicables.[10] De una lectura podemos inferir que su argumento se refiere a que la querella ante el Comisionado interrumpió el término prescriptivo. De igual manera, este señaló en el escrito de *Apelación* y citamos:[11]

> Para alcanzar tal forzada conclusión, el Honorable
> Foro Recurrido incurre en abuso de discreción al omitir

---

[7] Véase el Apéndice del Recurso, a la pág. 4.
[8] El apelante reclama que la apelada fue negligente al no informarle la fecha para hacer el pago de la póliza lo cual le causó como daño tener que pagar el vehículo hurtado.
[9] Véase el Apéndice del Recurso, a la pág. 44.
[10] Destacamos, además, que la oposición no cumplió con los requisitos dispuestos en la Regla 36.3 de las de Procedimiento Civil que dispone que la parte que se opone a la moción de sentencia sumaria está obligada a citar específicamente los párrafos según enumerados por el promovente que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. *Meléndez González, et al. v. M. Cuebas*, 193 DPR 100 (2015), *SLG Zapata Rivera, v. J.F. Montalvo*, 189 DPR 414 (2013).
[11] Véase el escrito de *Apelación,* a la pág. 25.

> la forzada consideración del pertinente tracto procesal que establece que el 16 de diciembre de 2019, la parte aquí apelante presentó querella ante la Oficina del Comisionado de Seguros de Puerto Rico, y que **tal acción interrumpió el término prescriptivo** de la causa de acción originada el 5 de noviembre de 2019. Más aún, **a pesar de no ser un requisito para la validez de posteriores causas de acción**, amerita destacarse que la querella presentada **especificó un reclamo directo de daños** y restitución contra la parte aquí apelada.
>
> El recurso presentado ante la Oficina del Comisionado de Seguros de Puerto Rico fue resuelto el 22 de junio 2021, y el 3 de noviembre de 2021, Luis Jacobo Rivera Mercado presentó la demanda de epígrafe con una sola causa de acción, sobre daños y perjuicios. La secuencia fáctica no da espacio a dudas: el término prescriptivo fue oportunamente interrumpido y **no existe fundamento jurídico alguno que sostenga la prescripción alegada** por la parte apelada de marras. (Énfasis nuestro)

Por tanto, podemos colegir que la controversia en el caso de autos es una **estrictamente de derecho**, es decir, si el término prescriptivo fue correctamente interrumpido por la querella instada en la Oficina del Comisionado de Seguros (OCS). Como indicamos, la prescripción de las acciones es un asunto de derecho sustantivo, no procesal, que persigue castigar la inacción en el ejercicio de los derechos. Así, las acciones prescriben por el mero lapso del tiempo fijado por la ley. En cuanto a las acciones al amparo del Artículo 1802, *supra*, estas prescriben por el transcurso de **un año desde que lo supo el agraviado**. En el caso de autos no hay controversia en cuanto a que los hechos ocurrieron el 5 de noviembre de 2019 y la causa de acción en daños y perjuicios fue presentada **dos (2) años después**. Ahora bien, sin fundamento en derecho alguno el apelante aduce que la querella presentada ante la OCS el 16 de diciembre de 2019 interrumpió dicho término.

Luego de realizada nuestra investigación, no encontramos ninguna casuística o legislación que avale la postura del apelante. Incluso, nuevamente señalamos que el escrito apelativo carece de un análisis al respecto. Por otro lado, la *Solicitud de Investigación*[12]

---

[12] Véase el Apéndice del Recurso, a la pág. 7.

(querella) ante la OCS no cumple con los requisitos que exige nuestro ordenamiento para poder interrumpir el término de presentación de la causa de acción en daños y perjuicios. Al respecto, de una lectura minuciosa del referido documento surge que el señor Rivera Mercado solicitó que se investigara a Universal Insurance y a la apelada, como asegurador y productora, respectivamente. A su vez, este peticionó como remedio: *Solicito que se reinstale la póliza 1322100, ya que se habían pagado 3 trimestres del año. De no ser posible, la productora debería responder, ya sea con una póliza de impericia, o en su carácter personal.*[13] Por ende, la querella no es el medio adecuado ni constituye una verdadera reclamación en daños y perjuicios contra la apelada que interrumpa el término prescriptivo.

Asimismo, en la *Orden* emitida por el Comisionado se especificó que el apelante instó *una solicitud de investigación contra el Asegurador [Universal Insurance] y contra la Representante Autorizada por razón de que le fue denegado el pago de la reclamación número 2123484.*[14] Culminada la investigación, el Comisionado determinó que las actuaciones de la apelada distaban de ser la conducta esperada de una persona acreedora de una licencia expedida por la OCS y le impuso una multa administrativa de $1,000 por infringir el Artículo 9.022 del Código de Seguros de Puerto Rico, 26 LPRA sec. 949c.[15]

---

[13] *Íd.*, a la pág. 9.

[14] Véase el Apéndice del Recurso, a la pág. 275.

[15] *Íd.*, a la pág. 282. El referido artículo dispone que el productor deberá cumplir, entre otros, con los siguientes deberes: (1) Proveer al consumidor una orientación clara y completa sobre la cubierta, beneficios, límites y exclusiones de la póliza de seguros gestionada por su conducto; así como de los deberes y obligaciones de éste como asegurado bajo la misma. (2) Gestionar el producto de seguros que se ajuste a la necesidad de cubierta que procura el consumidor. (3) Identificar y medir la posible exposición de pérdida. (4) Cumplir con los deberes impuestos de conformidad con otras disposiciones de este Código y con los principios de conducta que el Comisionado establezca mediante regla o reglamento. Cuando el productor actúe en calidad de representante autorizado del asegurador deberá cumplir, demás, con aquellos otros deberes que le imponga el asegurador por virtud del contrato suscrito entre las partes.

Enfatizamos que con el propósito de fiscalizar cuidadosamente el negocio de seguros se creó el cargo de *Comisionado de Seguros* con amplios poderes investigativos y con la facultad de aprobar reglamentos y adjudicar controversias según surge en el Código de Seguros. Uno de los aspectos de esta extensa reglamentación lo constituye la imposición del requisito de licencia para poder desempeñarse como asegurador o como agente de seguros.[16] Entonces para garantizarle al Comisionado los poderes necesarios para poner en vigor las normas y prohibiciones del Código de Seguros, la Asamblea Legislativa le asignó poderes específicos para denegar, suspender o revocar la licencia de un asegurador, o de un corredor o de un agente general, y para imponer multas por cualquiera de las causas especificadas en el Código de Seguros.[17] Cualquiera de dichas sanciones podrá ser en adición a cualquiera otra provista por ley.[18] **Puntualizamos que dentro de dichas facultades no se encuentran conceder daños y perjuicios a favor de un reclamante**.

Como establecimos en el derecho precedente, la interrupción de la prescripción mediante reclamación extrajudicial debe tratarse de una verdadera reclamación. Como indicamos, este es un requisito con el cual sin duda alguna incumple una *Solicitud de Investigación* instada ante la OCF. Además, la referida petición no está dirigida al sujeto pasivo del derecho cuya prescripción se pretende interrumpir, en este caso la apelada. La querella solo pretender activar las facultades de investigación que posee el Comisionado y emitir las sanciones que entienda prudente. Reiteramos que no pueda reconocerse eficacia interruptora a los actos de afirmación de un derecho que no sean dirigidos al obligado

---

[16] Véase, *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 442 (1997).
[17] *Íd.*
[18] Véanse, 26 LPRA secs. 320; 26 LPRA secs. 953c, 953f, 953g y 953i.

o sujeto pasivo de la acción, sino a terceros, a personas distintas, a la generalidad. Por consiguiente, se ha reconocido que la presentación de una querella en el foro administrativo no interrumpe la prescripción de la acción judicial por daños y perjuicios si la misma no fue objeto de la querella, pues se entiende que ambas acciones no persiguen propósitos idénticos.[19] Es decir, se considera como acto de interrupción de la prescripción el ejercicio de la misma acción que se está prescribiendo. Sobre este punto, resulta importante esbozar las siguientes expresiones que hiciera el Tribunal Supremo en *Cintrón v. E.L.A.*, supra, citando a *Delgado Rodríguez v. Nazario de Ferrer*, supra:

> El empleado público, en tales casos, debe acudir directamente al foro judicial con su acción reclamando daños y perjuicios para que se entienda interrumpido el término prescriptivo.
>
> La razón es sencilla. Por su naturaleza, la acción ante J.A.S.A.P. y la acción judicial no persiguen idénticos propósitos.
>
> La acción ante J.A.S.A.P., como está regulada, no provee el medio de revelar la intención o voluntad del acreedor de conservar y exigir el derecho al resarcimiento de los daños y perjuicios sufridos. Por ello, su ejercicio no cualifica como pretensión capaz de interrumpir el término prescriptivo de la acción civil en estos casos.

En virtud de dicha normativa, aplicable a la OCS, resulta forzoso recalcar que la *Solicitud de Investigación* presentada ante esta agencia carece de eficacia interruptora. Esto debido a que la OCS no tiene autoridad para conceder daños y perjuicios ni de responsabilizar civilmente a los agentes de seguros. Más bien y como explicamos, el Comisionado tiene adscritos poderes específicos para denegar, suspender o revocar la licencia de un asegurador, o de un corredor o de un agente general, y para imponer multas por cualquiera de las causas especificadas en el Código de Seguros. Por ende, por su naturaleza, la acción ante la OCS y la acción judicial

---

[19] Véase, *Cintrón v. E.L.A.*, 127 DPR 582, 592-595 (1990), citando a *Delgado Rodríguez v. Nazario de Ferrer*, 121 DPR 347 (1988).

no persiguen idénticos propósitos por lo que la querella instada en la agencia no interrumpió el término prescriptivo de un año.

Por lo que destacamos que, bajo este escenario fáctico y legal, desde el 1988 el Tribunal Supremo ha reconocido que lo que corresponde es que el acreedor de tales derechos acuda directamente al foro judicial con su reclamo en daños y perjuicios para que el término prescriptivo de un (1) año se entienda interrumpido.[20]

Por tanto, el señor Rivera Mercado no podía cruzarse de brazos y esperar la resolución de su querella ante la OCS para entonces instar una reclamación contra la apelada solicitando una compensación en daños y perjuicios por los supuestos actos negligentes. Los cuales, a su vez, eran conocidos por este desde que ocurrieron los hechos en el 2019. Reiteramos que, salvo que exista una disposición especial que establezca otra cosa, el término de prescripción para toda clase de acciones comienza a discurrir a partir del día en que la acción pudo ejercitarse. En este caso un (1) año.

En consecuencia, forzoso es concluir que la presente demanda está irremediablemente prescrita. El mecanismo de sentencia sumaria permite que una vez el tribunal determine que no existe una controversia genuina de hechos que tenga que ser dirimida en vista evidenciaria y que lo único que falta es aplicar el derecho, procederá a dictar la sentencia. Por ende, ante una determinación correcta en cuanto a la prescripción se hace innecesario atender los señalamientos relacionados a los hechos consignados por el TPI como incontrovertidos. En conclusión, los errores señalados no se cometieron.

---

[20] *Íd.*

## IV.

Por los fundamentos antes expuestos, confirmamos la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones